■ A. J. Evers, Also Known as Arthur J. Evers Corp., by its Subrogee/Assignee International Transport, Inc., Appellant, v City of New York, Respondent. — In a negligence action to recover for damages to property, plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated February 17, 1982, which granted the defendant's motion, *inter alia,* to dismiss the complaint due to an alleged insufficiency in the notice of claim. Order reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and motion denied. On September 2, 1980, plaintiff, A. J. Evers, filed a notice of claim with the City of New York alleging that a piece of machinery (i.e., a "press") had been damaged on June 13, 1980 as the result of a collision between the press (which was then being transported on the back of a "flat-bed" truck) and a bent-down metal girder hanging from an overpass on the Brooklyn-Queens Expressway "near the Queens Boulevard entrance". Subsequently, on September 11, 1981, plaintiff served a verified complaint upon the city in which it was alleged, *inter alia,* that the accident had occurred due to the resulting diminished clearance under said overpass caused by the "hang[ing]" steel girder, and requesting monetary

damages in the amount of $25,000. The city's answer, in addition to the usual denials, alleged, *inter alia,* that the notice of claim was defective in that it failed to set forth the "specific location" at which the accident had occurred. On December 31, 1981, the city moved, in the alternative, to dismiss the complaint or for summary judgment based on the foregoing alleged deficiency, and on February 17, 1982, an order was made granting the motion and dismissing the complaint. We reverse. The notice of claim filed with the city identified the site of the accident with sufficient particularity to enable it to locate the alleged defect and to investigate the plaintiff's claim, thereby satisfying the statutory command of subdivision 2 of section 50-e of the General Municipal Law (see *Schwartz v City of New York,* 250 NY 332; *Purdy v City of New York,* 193 NY 521; *Matter of Powell v Town of Gates,* 36 AD2d 220). There are only two overpasses on the Brooklyn-Queens Expressway in the vicinity of Queens Boulevard, and each is located in extremely close proximity to the other. Moreover, the nature of the occurrence is such that the description contained in the plaintiff's notice enabled the city to locate the alleged defect with reasonable certainty and left no room for conjecture as to which particular girder may have come into contact with the plaintiff's press (see *Schwartz v City of New York, supra*). Manifestly, this is not a case involving a "pothole" or a sidewalk defect in which greater particularity has been required (see *Schwartz v City of New York, supra; cf. Matter of Klobnock v City of New York,* 80 AD2d 854; *Campbell v City of New York,* 78 AD2d 631). Finally, no actual prejudice has been demonstrated by the city, and we see no reason for us to presume the existence of prejudice from a silent record. In fact, while the city maintains that its investigative efforts have been hampered by the lack of specificity, it does not appear that any investigation was ever attempted. In such circumstances, the complaint should not have been dismissed (see *Mayer v City of New York,* 80 AD2d 799; cf. General Municipal Law, § 50-e, subd 6). Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.