■ WILLIAM LEVINE, Appellant, v CITY OF NEW YORK et al., Respondents, CORD MEYER DEVELOPMENT Co., Third-Party Plaintiff-Respondent. SPECIALIZED PARKING SYSTEMS, Third-Party Defendant-Respondent. (And Other Actions.) — In an action to

recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Queens County (Goldstein, J.), dated August 24, 1983, which denied his motion to sever defendant City of New York from the action and restore the case to the Trial Calendar and (2) a judgment of the same court, entered February 21, 1984, which dismissed his complaint as against defendant City of New York, discontinued his action against defendant Cord Meyer Development Co. with prejudice, and dismissed the third, fourth, fifth and sixth-party complaints against the remaining parties, as well as all cross claims and counterclaims.

Appeal from the order dismissed (*see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

Respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

General Municipal Law § 50-e (2) provides, *inter. alia,* that a notice of claim shall set forth "the time when, the place where and the manner in which the claim arose". Whether a notice of claim substantially complies with the content requirements of General Municipal Law § 50-e (2) depends upon the circumstances of each case (*Schwartz v City of New York,* 250 NY 332, 334). Greater particularity is necessary when the alleged negligence involves sidewalk defects, since these are often transitory in nature (*McKie v City of New York,* 79 AD2d 901; *see also, Cruz v City of New York,* 95 AD2d 790). The municipality must be given a sufficient basis upon which to conduct an appropriate investigation while the facts surrounding the incident are still fresh (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 358). Measured by these standards, plaintiff's notice of claim was plainly inadequate because it was silent as to the cause of his fall (*see, Caselli v City of New York,* 105 AD2d 251; *Matter of Raczy v County of Westchester,* 95 AD2d 859). Nothing alleged in the notice of claim provided a reasonable basis upon which the city could have adequately investigated the matter, despite an undisputedly sufficient description as to where the accident occurred, since the city clearly had no idea what it would be looking for at the specified location. Plaintiff did not even mention that his fall was caused by a defect in the sidewalk until he served his complaint, nearly one year after the accident occurred.

Plaintiff urges that even if the notice of claim was insufficient on its face to inform the city of the cause of the accident, this omission can be disregarded or the notice amended to include causation under General Municipal Law § 50-e (6) because the

city acquired such knowledge from a police aided report prepared on the date of the accident.

Courts have permitted the amendment of notices of claim, under General Municipal Law § 50-e (6) to cure such defects where knowledge of the correct facts was available to the public corporation and imputable to it, thereby belying any claim of prejudice. However, these decisions generally require more than the mere existence of an accident or aided report to impute actual knowledge and to negate a claim of prejudice (*Caselli v City of New York,* 105 AD2d 251, *supra*). It is noteworthy that the aided report merely stated that plaintiff slipped on ice, whereas the complaint and bill of particulars attributed the cause of plaintiff's fall to catching his foot in a raised grating and icy conditions. This aided report, by itself, was insufficient in this case to provide a basis for imputing knowledge of causation to the city (*see, Caselli v City of New York, supra*). Nor did the plaintiff's testimony at a Comptroller's hearing (*see,* General Municipal Law § 50-h) that he fell in a hole in the sidewalk and that the pavement was dry, provide the city with the requisite knowledge. Plaintiff's testimony materially contradicted his notice of claim and only served to obscure, rather than to clarify, the manner to which the accident occurred (*see, Caselli v City of New York, supra; Faubert v City of New York,* 90 AD2d 509).

Moreover, plaintiff's application to amend the notice of claim to include the manner in which the claim arose was not made until the eve of trial, nearly five years after the date of the accident. Unlike *Mayer v DuPont Assoc.* (80 AD2d 799), which is cited by plaintiff in support of his claim, in this case the city was clearly prejudiced in not being able to conduct a proper investigation while the facts surrounding the incident were still fresh (*see, Caselli v City of New York, supra; O'Brien v City of Syracuse, supra; Adkins v City of New York,* 43 NY2d 346; *Leone v City of Utica,* 66 AD2d 463, *affd* 49 NY2d 811).

We also find no merit in plaintiff's argument that the court abused its discretion when it denied plaintiff's application to discontinue, without prejudice, his action against defendant Cord Meyer Development Co. (Cord) and, upon the cross motion of Cord and the fourth- and fifth-party defendants, discontinued the action with prejudice. The action had been placed on the trial calendar and a jury had been selected when plaintiff's newly retained attorney requested the action be discontinued without prejudice, because he was not ready to proceed against the remaining defendant in light of the court's ruling, on the previous day, to dismiss the complaint as against the city. The

defendant Cord requested a "discontinuance with prejudice", and the remaining parties joined in Cord's cross motion. The record shows that the trial court did entertain the respective applications and heard arguments from both sides with respect to any hardship that would be suffered by the parties. Contrary to plaintiff's claim, CPLR 321 (c), and its predecessor Civil Practice Act § 240, has not been construed as imposing an automatic 30-day stay of proceedings where a party voluntarily discharges his attorney (*Blondell v Malone,* 91 AD2d 1201; *Hendry v Hilton,* 283 App Div 168; *Davalos v Davalos,* 283 App Div 699). We note that the nature of the cross motion is more correctly described as one for dismissal of the action with prejudice, for failure to prosecute (*see, Wright v Defelice & Son,* 22 AD2d 962, *affd* 17 NY2d 586). Under the circumstances it cannot be said that the trial court abused its discretion in granting said cross motion. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.