■ NETTIE HARPER, Appellant, v CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated September 9, 1985, which denied her motion for an order striking the defendant's second affirmative defense that her notice of claim was insufficient or, alternatively, granting her leave to file an amended notice of claim.

Ordered that the order is affirmed, with costs.

By notice of claim served in September 1979 the plaintiff alleged that she sustained personal injuries when she was "caused to fall on a broken, irregular hole in the street" at Crown Street and New York Avenue. On a "Claim Information Sheet" from the Comptroller, the plaintiff indicated "no" to a question which asked if the defect was "next to manhole" and declined to pinpoint the location of the alleged defect on an intersection diagram supplied on the information sheet. At the December 1979 Comptroller's hearing, however, the plaintiff described the defect as a "raised crack" surrounding a manhole cover. In February 1980 the defendant served its answer together with a demand for a bill of particulars.

Thereafter a period of approximately five years elapsed during which the plaintiff made no further attempt to prosecute her lawsuit. The plaintiff did not serve a bill of particulars in response to the city's demand. By notice of motion dated February 19, 1985, the plaintiff—now with new counsel—sought an order striking the defendant city's second affirmative defense which alleged that the notice of claim failed to adequately set forth the "specific location of the alleged accident". Alternatively, the plaintiff sought leave to file an amended notice of claim which contained yet another description of the alleged defect, characterizing it this time as a "protruding manhole cover". Special Term denied the plaintiff's motion in its entirety. We affirm.

Initially, we note that the plaintiff's original notice of claim, which merely stated that the accident occurred "at Crown Street and New York Avenue", failed to describe the location of the alleged defect with sufficient particularity to enable the defendant to conduct a proper investigation and otherwise assess the merits of the plaintiff's claim (see, Faubert v City of New York, 90 AD2d 509; see also, Caselli v City of New York, 105 AD2d 251). Accordingly, Special Term properly denied the plaintiff's motion to strike the defendant's second affirmative defense. Moreover, Special Term did not abuse its discretion in denying that branch of the plaintiff's motion which was for leave to serve an amended notice of claim (see, General Municipal Law § 50-e [6]). Significantly, the plaintiff's original notice of claim, which described the alleged defect as a "hole in the street" was materially contradicted by the plaintiff's testimony at the Comptroller's hearing in which she described the alleged defect as a raised crack around a manhole. Thereafter, the plaintiff's Comptroller's hearing testimony was permitted to stand in contradiction to her original notice of claim for a period of five years, during which time the plaintiff took no action whatsoever to further the prosecution of her suit. When—five years later—the plaintiff finally sought leave to amend her original notice, the proposed amended notice of claim set forth yet a third description of the defect, describing it as a "protruding manhole cover". The plaintiff offers no reasonable excuse for the excessive delay which took place prior to the instant application or for her failure to respond to the defendant's demand for a bill of particulars. In light of the extreme nature of the delay involved and considering the material discrepancies among the plaintiff's descriptions of the alleged defect, we find that the defendant will be prejudiced if the plaintiff's application for leave to serve an amended notice

is now granted *(cf., Caselli v City of New York, supra; Faubert v City of New York, supra).* Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.