■ CHARLOTTE FENDIG et al., Appellants, v CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated August 21, 1986, which denied their motion for leave to serve an amended notice of claim and amended verified complaint and which granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court, Queens County, did not abuse its discretion in denying the plaintiffs' motion to amend their notice of claim *(cf., Martire v City of New York,* 129 AD2d 567; *Matter of Malla v City of New York,* 129 AD2d 580; *see also, Faubert v City of New York,* 90 AD2d 509).

The timely notice of claim was concededly in error in designating the intersecting streets nearest to the defect within a municipal parking lot. The balance of the notice was insufficient to permit the defendant to conduct a meaningful investigation and therefore did not comply with the requirements of General Municipal Law § 50-e (2). Claims of sidewalk defects must be set forth with greater specificity because of

their transitory nature *(see, Caselli v City of New York,* 105 AD2d 251, 253) than cases involving defects that would not change over time *(cf., Evers v City of New York,* 90 AD2d 786).

Sixteen months passed between the accident and the motion to amend the location's description. The plaintiffs made no effort to show by acceptable proof that the condition of the defect remained the same *(Mazza v City of New York,* 112 AD2d 921). Thus, the defendant would have been prejudiced had the amendment been permitted (General Municipal Law § 50-e [6]). Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.