■ ADELINE DAMA et al., Appellants, v VILLAGE OF TUCKAHOE, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Pallella, J.), entered August 12, 1986, as upon reargument, vacated a prior order entered March 18, 1986, and denied their motion for leave to serve a late notice of claim, (2) from an order of the same court, entered December 18, 1986, which granted the defendant Village of Tuckahoe's motion for summary judgment

dismissing the complaint as against it, and (3) as limited by their brief, from so much of an order of the same court, entered March 18, 1987, as, upon reargument, adhered to its prior determination of December 18, 1986.

Ordered that the appeal from the order entered December 18, 1986, is dismissed, without costs or disbursements, as that order was superseded by the order entered March 18, 1987, made upon reargument; and it is further,

Ordered that the orders entered August 12, 1986, and March 18, 1987, are affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Adeline Dama was allegedly injured on January 16, 1985, when she fell while walking on a sidewalk located within the Village of Tuckahoe. A notice of claim was not served until February 6, 1986, more than one year after the accident *(see,* General Municipal Law § 50-e). The plaintiffs contend that the village acquired actual knowledge of the underlying facts of the claim by virtue of a report filed by Adeline's husband with the village police department on February 9, 1985.

While accident or aided reports may, under certain circumstances, be pertinent *(see, Caselli v City of New York,* 105 AD2d 251, 256), we find the instant report to be insufficient. The report failed to connect the accident with any allegations of negligence on the part of the village. The plaintiffs' claim rests upon an alleged one-half-to-one-inch defect in the surface on the sidewalk. However, the report to the police, which included an eyewitness's statement, affirmatively discounted any weather conditions, obstructions or conditions of the sidewalk as contributing to the cause of Mrs. Dama's fall. In addition, the police investigation was hampered by the subsequent presence of snow in the accident area. As the report tended to obscure rather than clarify the manner in which the accident occurred, it cannot be said to have provided a basis for imputing knowledge of causation to the village *(see, Levine v City of New York,* 111 AD2d 785).

We have considered the plaintiffs' other contentions and find them to be without merit. Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.