■ HAROLD ALTMAYER et al., Appellants, v CITY OF NEW YORK et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated November 17, 1987, which granted the defendants' motion to dismiss their complaint for failure to file a proper notice of claim, and

from a judgment of the same court (Hyman, J.), entered January 5, 1988, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

General Municipal Law § 50-e (2) provides that a notice of claim must set forth, inter alia, the time when, the place where and the manner in which a tort claim against the city arose. General Municipal Law § 50-e (6) permits a court to cure any defect, by disregarding it or allowing an amendment to the notice, where knowledge of the correct facts is available and imputable to the defendant (see, Caselli v City of New York, 105 AD2d 251, 258). If the necessary facts are imputable, there is no prejudice.

The purpose of the notice of claim requirement is to afford the municipal corporation adequate opportunity to investigate the circumstance surrounding the accident and explore the merits of the claim while the information is likely to be available (see, Teresta v City of New York, 304 NY 440, 443; Caselli v City of New York, supra, at 252). The policy underlying the statute is to protect a public corporation against stale or unwarranted claims and to enable it to investigate claims timely and efficiently (see, Heiman v City of New York, 85 AD2d 25, 27; Caselli v City of New York, supra; see also, Levine v City of New York, 111 AD2d 785). The requirements of the statute are met when the notice describes the accident with sufficient particularity as to enable the defendant to locate the defect, conduct a proper investigation, and assess the merits of the claim (see, Caselli v City of New York, supra; Evers v City of New York, 90 AD2d 786; Faubert v City of New York, 90 AD2d 509). Whether the notice substantially complies with the requirements of the statute depends on the circumstances of each case (see, Levine v City of New York, supra).

At bar, the plaintiffs' notice of claim simply stated in ambiguous terms where a collision, claimed to be the result of the city's negligence, occurred. It failed to adequately set forth

the location of the alleged act of negligence, as well as what the act of negligence was and how it caused the injuries claimed. Accordingly, the notice of claim is facially insufficient *(see, Caselli v City of New York, supra).*

Further, we find that the court properly refused to permit the plaintiffs to amend their notice of claim pursuant to General Municipal Law § 50-e (6). Notably, the plaintiffs sought to cure the defect in the notice on the day of trial, some 4½ years after the accident. To permit such an amendment under the circumstance at bar, where there is no evidence whatever in the record that actual notice of the location and cause of the accident is imputable to the city, would undermine the protections afforded by the statute *(see, e.g., Caselli v City of New York, supra,* at 256). Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.