■ FAYE FRANKFORT, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated August 29, 1988, which granted the plaintiff's motion to strike the defendant's first affirmative defense.

Ordered that the order is reversed, with costs, and the plaintiff's motion is denied.

The plaintiff's notice of claim, involving an allegedly defective sidewalk condition, merely described the situs of the

accident as "on the sidewalk located at Atlantic and Flatbush Avenues, at or near 4th Avenue". This notice was patently insufficient with respect to setting forth the place where the claim arose with adequate specificity *(see,* General Municipal Law § 50-e [2]; *Caselli v City of New York,* 105 AD2d 251; *Cruz v City of New York,* 95 AD2d 790; *see also, Fendig v City of New York,* 132 AD2d 520). A court may, in its discretion, grant a motion for leave to amend a notice of claim *(see,* General Municipal Law § 50-e [6]), where it determines that two conditions have been met; first, the mistake, omission, irregularity or defect in the original situs was made in good faith, and second, it must appear that the public corporation has not been prejudiced thereby *(see, Martire v City of New York,* 129 AD2d 567; *Mazza v City of New York,* 112 AD2d 921; *Caselli v City of New York, supra).* In this case, we conclude that the Supreme Court improvidently exercised *its* discretion in striking the defendant's affirmative defense that the plaintiff's notice of claim failed to set forth the specific location where the claim arose upon *sua sponte* granting the plaintiff leave to amend the notice of claim over 4½ years after the accident.

We note that there is nothing in the record to suggest, and the defendant does not allege, that the original notice of claim was prepared and served in bad faith. Thus, our determination must turn on the question of whether the defendant was prejudiced by the mistake in the notice.

We reject the plaintiff's contention that any claim of prejudice on the part of the defendant is negated by the fact the defendant acquired knowledge of the specific location of the alleged sidewalk defect from a city-involved accident report prepared by a police officer who responded to the site of the plaintiff's fall. Although this report was filed with the city's Office of the Comptroller on the day of the accident *(cf., Krug v City of New York,* 147 AD2d 449), the plaintiff failed to proffer acceptable proof that the situs of the accident was correctly recorded by the responding police officer. Here, the defendant challenged the accuracy of the information contained in the city-involved accident report *(cf., Mayer v Du-Pont Assocs.,* 80 AD2d 799), predicated upon the discrepancies in the responding police officer's description of the location and nature of the alleged sidewalk defect and that provided by the plaintiff at a Comptroller's hearing conducted approximately 14 months after the accident. No attempt to explain these discrepancies was proffered by the plaintiff aside from the specious contention that the descriptions supplement,

rather than contradict, one another. As conceded by the plaintiff's attorney, the city-involved report indicates that the defect (described as a "hole") is located in a triangular-shaped sidewalk, created by the intersection of the three avenues referred to in the notice of claim. This triangular-shaped sidewalk is on the north side of Atlantic Avenue. In contrast, an objective review of the plaintiff's testimony at the Comptroller's hearing discloses that the purported defect (described as a hole with a small pipe protruding therefrom) was located in the sidewalk adjacent to Flatbush Avenue and about 1½ blocks from Dean Street. The plaintiff's description places the sidewalk defect south of Atlantic Avenue and not within the triangular-shaped sidewalk *(see, e.g., Bacchus v City of New York,* 134 AD2d 393). It is noteworthy that a proposed amended notice of claim clarifying the location and nature of the purported sidewalk defect was never submitted with the plaintiff's motion papers. Nor did the plaintiff proffer any evidence that the condition of the sidewalk defect, which is transitory in nature *(see, Caselli v City of New York, supra,* at 253; *cf., Evers v City of New York,* 90 AD2d 786), remained the same at the time of either the Comptroller's hearing or her motion to strike the defendant's first affirmative defense *(see, Fendig v City of New York, supra,* at 521; *Martire v City of New York, supra,* at 567; *Mazza v City of New York, supra).*

In light of the significant delay in adequately particularizing the accident site, which still remains unclarified, and the discrepancies included in the descriptions thereof, the defendant would be prejudiced by allowing the amendment to the notice of claim *(see, e.g., Faubert v City of New York,* 90 AD2d 509). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.