■ FRANCES LUPO, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), entered September 15, 1988, which granted the defendant's motion to dismiss the complaint and denied the plaintiff's cross motion for leave to file an amended notice of claim.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the defendant's motion to dismiss the action based on the defective nature of the plaintiff's notice of claim (General Municipal Law § 50-e). The record reveals that the plaintiff's notice of claim was patently deficient in that it: (1) failed to describe the nature of the street defect which allegedly caused the plaintiff's so-called "slip and fall" accident, and (2) misdescribed the street location of the accident site. Significantly, this court has recognized that claims based upon sidewalk conditions require an even greater particularity of description in order to comport with the mandate of the General Municipal Law *(see, e.g., Caselli v City of New York,* 105 AD2d 251, 253). Under the circumstances, and where the plaintiff's application to amend her notice of claim was made some 10 years after the original claim was filed, it cannot be said that the Supreme Court erred in denying her application and granting the defendant's motion to dismiss *(cf., Levine v City of New York,* 111 AD2d 785). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.