■ JOHN A. SHEA, Appellant, v INCORPORATED VILLAGE OF HEAD OF THE HARBOR, Defendant and Third-Party Plaintiff-Respondent. GEORGE KERR, JR., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered May 12, 1989, as, upon granting the motion of the defendant Incorporated Village of Head of the Harbor to dismiss the complaint for failure to serve a proper notice of claim, dismissed the complaint.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendant third-party plaintiff-respondent and the third-party defendant-respondent appearing separately and filing separate briefs, the motion is granted to the extent that the plaintiff is precluded from seeking to recover on a theory that a stop sign was obstructed by vegetation, and is otherwise denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for trial.

On July 6, 1981, the plaintiff, then 17, was seriously injured in a one-car accident when his vehicle ran off the road at a T intersection. On September 14, 1981, well within the statutory 90-day period (see, General Municipal Law § 50-e), the plaintiff's father served, on behalf of himself and the plaintiff, a notice of claim on the defendant Incorporated Village of Head of the Harbor setting forth the date, time and precise location of the accident. The notice also stated that the plaintiff and his father claimed the Village was negligent, *inter alia,* in creating a trap or nuisance, in failing to keep the street safe for travel, failing to conduct adequate and sufficient studies of traffic conditions, failing to heed and follow the results of traffic studies, and in failing to implement good highway design and traffic control practices. The plaintiff's injuries were described merely as "extensive" and "including hospitalization together with special and general damages".

Although the County of Suffolk, which was, but no longer is a party to this action, conducted a hearing pursuant to General Municipal Law § 50-h, the Village waived its right to conduct a hearing. The plaintiff then timely commenced this action and the Village filed an answer by which it denied that it had information sufficient to form a belief with respect to the plaintiff's allegation that he served a notice of claim in compliance with General Municipal Law § 50-e, but which otherwise contained no reference to the notice or any pur-

ported defect in it. For the next seven years the parties conducted disclosure proceedings which, with respect to liability, focused on recommendations made before the accident about placement of signs and on the placement of a double-arrow warning sign after the commencement of this action. Pretrial proceedings also included a successful motion by the Village for partial summary judgment based upon Village Law § 6-628 dismissing allegations, made in the plaintiff's bill of particulars, regarding ripples in the road surface.

Following jury selection and on the day the trial was to commence, the Village orally moved for dismissal of the entire action against it on the ground that the notice of claim was "insufficient" because it "gives no notice whatsoever to the defendant municipality as to what the plaintiff's injuries are". Counsel for the Village also referred, however, to a "second aspect" of the motion directed at a claim, made in the plaintiff's bill of particulars but about which no specific mention was made in the notice of claim, that a stop sign was obscured by vegetation. The plaintiff's counsel acknowledged that no specific words in the notice pointed to an obscured stop sign, but he countered that the essence of the claim against the Village was that it had no traffic plan, and he stressed that the failure to post a double-arrow sign had been the focus of disclosure. He also noted that everything surrounding the occurrence and the injuries was explored at the municipal hearing conducted by the County eight years earlier. The Supreme Court, however, dismissed the action, finding that the notice of claim was inadequate.

The purpose of a notice of claim is to enable a municipality to locate the defect, conduct a proper investigation, and assess the merits of the claim (see, Altmayer v City of New York, 149 AD2d 638, 639). It is the circumstances of each case which determine whether the notice served is sufficient (see, e.g., Schwartz v City of New York, 250 NY 332, 335), but a defect or omission in the notice which does not pertain to the time or manner of its service may "at any stage of the action" be corrected or indeed "disregarded * * * provided it shall appear that the other party was not prejudiced thereby" (General Municipal Law § 50-e [6]).

We agree with our dissenting colleagues that the notice of claim was inadequate to provide the Village with the requisite opportunity to investigate such transitory conditions as a stop sign obscured by vegetation (see, Teresta v City of New York, 304 NY 440, 443; see also, O'Brien v City of Syracuse, 54 NY2d 353, 358; Levine v City of New York, 111 AD2d 785). We do

not agree, however, that the notice of claim was so inadequate as to warrant dismissal of the entire action against the Village.

We conclude that the notice of claim was, under the circumstances, sufficiently particular to afford the Village the timely opportunity to investigate and determine the merits of the claim concerning the nontransitory defect, i.e., the failure to have an adequate traffic control plan, including a failure to post a double-arrow sign at the T intersection. In any event, the lack of prejudice to the Village because of the failure to make specific mention of a double-arrow sign in the notice of claim is patent. For over seven years the Village charted a defensive course premised against the theory that the Village had an inadequate highway design and traffic control plan and it acknowledged on oral argument of the appeal that it had been prepared to defend on that basis (cf., Salesian Socy. v Village of Ellenville, 41 NY2d 521; see also, McConaghley v City of New York, 60 Misc 2d 825, 826, n). Indeed, its motion to dismiss insofar as it was directed at the entire action was not premised on a defect or vagueness in the notice in describing the manner in which the claim arose but rather on the vagueness with which the injuries were described. That vagueness, however, provides no basis here for dismissal of the action (cf., General Municipal Law § 50-e [6]). The Village had the opportunity to and in fact did explore the full extent of the plaintiff's injuries during the eight years the action was pending, and inasmuch as the plaintiff's obligation to specify injuries in the notice of claim extends only "so far as [is] practicable" when the notice is served, it was error under the circumstances for the Supreme Court to dismiss the entire action against the Village because of the alleged deficiencies in the notice of claim. Harwood, J. P., and O'Brien, J., concur.

Rosenblatt, J., concurs in the vote to reverse the order and judgment insofar as appealed from, grant the motion to the extent that the plaintiff is precluded from seeking to recover on a theory that a stop sign was obscured by vegetation, and otherwise deny the motion, reinstate the complaint, and remit the matter for trial, with the following memorandum: I share the concerns expressed by my dissenting colleagues regarding the absence of detail in the notice of claim, as well as the dangers in sanctioning its mere "boilerplate" language.

However, under the particular circumstances presented here, the Village was not prejudiced by the failure of the notice of claim to be more detailed. Therefore, the defendant's

challenge to the notice of claim should not have been acted on favorably.

Balletta, J., dissents and votes to affirm the order and judgment insofar as appealed from, with the following memorandum, in which Lawrence, J., concurs: I respectfully disagree with the majority herein and vote to affirm the order and judgment granting the motion by the defendant Incorporated Village of Head of the Harbor to dismiss the complaint due to a defective notice of claim under General Municipal Law § 50-e (2).

General Municipal Law § 50-e (2) provides, *inter alia,* that a notice of claim shall set forth: "(1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable".

The purpose of the statute is to provide a public corporation with "an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" *(Teresta v City of New York,* 304 NY 440, 443; *see also, O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Levine v City of New York,* 111 AD2d 785; *Caselli v City of New York,* 105 AD2d 251, 252).

Here, the plaintiff's notice of claim was defective on its face in a number of respects. In the first instance, the notice of claim merely referred to an "accident which took place on July 6, 1981, at about midnight". There was no suggestion in the notice as to what type of "accident" the plaintiff claimed to have had, whether it involved a pedestrian, a bicyclist, or a motorist. Further, the notice failed to specify with any particularity the cause of the accident *(see, Altmayer v City of New York,* 149 AD2d 638; *Caselli v City of New York, supra).* There was no mention in the notice as to any claim of negligence based upon a stop sign obstructed by vegetation, which is particularly prejudicial because it prevented the Village from investigating this transitory condition *(see, Levine v City of New York, supra).* Moreover, upon examination of the remainder of the notice, we find that the plaintiff's claim of an inadequate traffic control plan was set forth in language that was so overly broad and general as to consist of no notice at all of the negligence allegedly committed by the Village *(see, Lupo v City of New York,* 160 AD2d 773; *Altmayer v City of New York, supra; Caselli v City of New York, supra; Matter of*

*Klobnock v City of New York,* 80 AD2d 854). "Merely providing notice of the occurrence is not adequate to constitute notice of a particular claim" *(see, Brown v New York City Tr. Auth.,* 172 AD2d 178, 180).

In addition, the notice failed to set forth "so far as then practicable" the items of damage or injuries claimed to have been sustained. The plaintiff's notice merely stated in this regard that the plaintiff had sustained "extensive injuries * * * including hospitalization together with special and general damages, loss of services and society". Such generalities fail to meet the specificity requirements of the statute *(see, Matter of Lucy L. v County of Westchester,* 149 AD2d 707; *Matter of Soe v County of Westchester,* 142 AD2d 584). Certainly, the two-month period between the date of the accident and the date of the notice of claim was a sufficient period of time within which the plaintiff could have assessed and reasonably detailed the injuries claimed.

It is significant that although General Municipal Law § 50-e (6) allows a party to seek leave to correct "a mistake, omission, irregularity or defect made in good faith", at no time did the plaintiff seek leave to amend his notice of claim.

It can be clearly seen that this lawsuit represents a classic case of filing a general notice of claim and then attempting to construct a case within the parameters of the notice of claim at a later time. The majority's conclusion that the notice of claim in this case was sufficiently particular effectively sanctions the use of the kind of boilerplate and shotgun approach, utilizing overly broad terminology which could cover every possible defect without in any way pinpointing the alleged defects on which the claimant relies.

Accordingly, the Supreme Court, Suffolk County, properly granted the defendant Village's motion to dismiss.