■ ANTHONY J. DiMENNA et al., Respondents, v LONG ISLAND LIGHTING COMPANY et al., Defendants, KEVIN HOWARD, Respondent, and TOWN OF ISLIP, Appellant. [618 NYS2d 425] —In an action to recover damages for personal injuries, etc., the defendant Town of Islip appeals (1) from an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 1, 1992, which granted the plaintiffs' motion to declare their notice of claim to be legally sufficient and to permit them to amend their bill of particulars and denied the Town of Islip's cross application to declare the notice of claim legally insufficient, and (2) as limited by its brief, from so much of an interlocutory judgment of the same court (Lama, J.), entered October 19, 1992, as, after a trial on the issue of liability only, found the Town of Islip to be 25% at fault in the happening of the accident, found the injured plaintiff to be 60% at fault in the happening of the accident, and found the defendant Kevin Howard to be 15% at fault in the happening of the accident.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law and the facts, the complaint is dismissed insofar as asserted against the Town of Islip, the order dated July 1, 1992, is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial solely with respect to the apportionment of fault between the injured plaintiff and the defendant Kevin Howard; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the interlocutory judgment in the action (see,

*Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the interlocutory judgment (CPLR 5501 [a] [1]).

On February 26, 1987, at approximately 5:15 P.M., the plaintiff and his son walked on a shoulder alongside Furrows Road, Holbrook, with their backs toward the oncoming traffic. There was no sidewalk and no white line separating the travel portion of the roadway from the shoulder. A utility pole was located on the shoulder at a distance from the curb of the roadway which permitted two people to walk abreast between the pole and the curb, and away from the travel portion of the roadway. The plaintiff walked on the outside of the pole, nearer the travel portion of the roadway, when he was struck from the rear by an oncoming car driven by the defendant, Kevin Howard.

The plaintiff contended that the Town of Islip (hereinafter the Town) was negligent in failing to provide a white edge line to separate the shoulder from the roadway and that the Town was negligent in placing the utility pole too close to the roadway.

We find, as a threshold matter, that the court erred in denying the Town's cross application to declare the plaintiffs' notice of claim legally insufficient. General Municipal Law § 50-e (2) requires a claimant to serve written notice of a claim which shall set forth, *inter alia,* "the nature of the claim" and "the time when, the place where and the manner in which the claim arose". The purpose of the statutory notice of claim is to afford the municipality an adequate opportunity to investigate the circumstances surrounding an accident and explore the merits of the claim while the information is likely to be still available *(see, Caselli v City of New York,* 105 AD2d 251; *Altmayer v City of New York,* 149 AD2d 638, 639).

In the instant case, the plaintiff's notice of claim merely stated that he "was a pedestrian at said location and was struck by an automobile due to, among other things, the negligence, carelessness, and recklessness of the Town of Islip in the creation, operation, and maintenance of said roadway". The plaintiff's bill of particulars failed to expand or enlarge the notice of claim. Although the plaintiff's notice of claim set forth the date, time and location of the accident, it "was utterly silent regarding causation, i.e., the nature of the defect which allegedly caused plaintiff [to be injured] and that fact alone made it impossible for the [Town] to conduct its investi-

gation" *(Caselli v City of New York, supra,* at 253; *also see, Lupo v City of New York,* 160 AD2d 773; *Altmayer v City of New York, supra,* at 639-640). As was stated by this Court in *Levine v City of New York* (111 AD2d 785, 786): "Nothing alleged in the notice of claim provided a reasonable basis upon which the city could have adequately investigated the matter, despite an undisputedly sufficient description as to where the accident occurred, since the city clearly had no idea what it would be looking for at the specified location."

Moreover, although the accident occurred on February 26, 1987, and the notice of claim was received by the Town on April 22, 1987, it was not until May of 1992, five years after the accident, and only after the Town had orally moved to dismiss the plaintiffs' complaint due to the insufficiency of the notice of claim, that the plaintiffs moved to declare their notice of claim legally sufficient and to amend their bill of particulars. The mere fact that the Town may have become aware of the basis of the injured plaintiff's claim in 1990, three and one-half years after the accident, does not dissipate the prejudice that would accrue to the Town by allowing the plaintiffs to amend their notice of claim at such a late date *(see, Altmayer v City of New York, supra,* at 640; *Levine v City of New York, supra,* at 787).

We note that even if we were not dismissing the complaint as against the Town on the basis of the obvious deficiencies in the notice of claim, we would find, based upon our review of the record, that the Town would be entitled to judgment notwithstanding the verdict since there is no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury that the Town was negligent *(see, Nicastro v Park,* 113 AD2d 129, 132; *Licari v Elliot,* 57 NY2d 230, 239-240; *Cohen v Hallmark Cards,* 45 NY2d 493, 499).

In light of our determination, the issue regarding the Trial Court's jury charge is rendered academic. Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.