■ NAOMI SANTIAGO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [633 NYS2d 68] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated June 9, 1994, as denied its motion for summary judgment dismissing the complaint or, alternatively, to preclude the plaintiff from presenting certain testimony.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the defendant's motion which was to dismiss the complaint is granted, and the complaint is dismissed.

General Municipal Law § 50-e (2) sets forth the criteria for the contents of a notice of claim. In pertinent part, the statute

requires that the claimant state the nature of the claim and the time, place, and manner in which it arose. The purpose of providing this information in a timely manner is to allow the defendant to conduct a proper investigation and assess the merits of the claim while the information is still readily available *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 359; *Altmayer v City of New York,* 149 AD2d 638, 639; *Caselli v City of New York,* 105 AD2d 251).

In this case, the plaintiff's notice of claim merely alleged that she slipped and fell on ice on "the walkway near 157 Belmont Avenue, Brooklyn, N.Y." due to the "negligence of the New York City Housing Authority in the ownership, operation and control of its premises". Thus, the notice not only failed to describe the location of the accident with sufficient particularity to enable the defendant to conduct a proper investigation and otherwise assess the merits of the plaintiff's claim *(see, Harper v City of New York,* 129 AD2d 770; *see also, Cheung v New York City Tr. Auth.,* 208 AD2d 669; *Hoffman v New York City Hous. Auth.,* 187 AD2d 334), but it was also utterly silent regarding causation *(see, DiMenna v Long Is. Light. Co.,* 209 AD2d 373; *Cheung v New York City Tr. Auth., supra; Aviles v City of New York,* 202 AD2d 530).

Accordingly, the Supreme Court erred in failing to dismiss the complaint. Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.