GRACEMARIE WHITFIELD et al., Respondents, v TOWN OF OYSTER BAY, Appellant, et al., Defendants. [640 NYS2d 180]

The court improperly denied the Town's motion for summary judgment. "The purpose of the statutory notice of claim is to afford the municipality an adequate opportunity to investigate the circumstances surrounding an accident and explore the merits of the claim while the information is likely to be still available" (*DiMenna v Long Is. Light. Co.*, 209 AD2d 373, 374; *see, Altmayer v City of New York*, 149 AD2d 638, 639; *Caselli v City of New York*, 105 AD2d 251). The notice of claim in the instant case failed to identify the site of the accident

with sufficient particularity. As a consequence, the Town was prejudiced because it was unable to investigate the merits of the plaintiffs' claim (see, Cheung v New York City Tr. Auth., 208 AD2d 669; Cappadonna v New York City Tr. Auth., 187 AD2d 691, 692; Mitchell v City of New York, 131 AD2d 313).

Even if the complaint and verified bill of particulars had sufficiently identified the accident site, they would have failed to dispel the prejudice to the Town because they were served more than one year after the underlying accident occurred (see, Martire v City of New York, 129 AD2d 567). Although the plaintiff claims that her testimony at the General Municipal Law § 50-h hearing sufficiently identified the site of the accident, the transcript of this testimony was not before the court on the motion for summary judgment (cf., D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893). Thus, her contention in this regard is not preserved for appellate review (see, Snyder v Newcomb Oil Co., 194 AD2d 53, 59-60). Balletta, J. P., Ritter, Pizzuto and Altman, JJ., concur.