■ JOSEPHINE WALSTON, Respondent, v CITY OF NEW YORK, Appellant. [645 NYS2d 513] —In an action to recover damages for personal injuries the defendant appeals from an order of the

Supreme Court, Kings County (Bernstein, J.), dated March 3, 1995, which denied its motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"The purpose of the notice of claim requirement [General Municipal Law § 50-e] is to afford the municipal corporation adequate opportunity to investigate the circumstance surrounding the accident and explore the merits of the claim while the information is likely to be available" *(Altmayer v City of New York,* 149 AD2d 638, 639; *see also, Adkins v City of New York,* 43 NY2d 346; *Caselli v City of New York,* 105 AD2d 251). The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to locate the defect, conduct a proper investigation and assess the merits of the claim *(see, Caselli v City of New York, supra).*

In the case at bar, the notice of claim was inadequate to allow the defendant to locate the alleged defect and thus frustrated its attempt to conduct a timely investigation. Moreover, since the plaintiff did not properly identify the location until almost two and one-half years after the date of the accident, at which point the physical nature of the location had been altered, the defendant has clearly been prejudiced *(see, Whitfield v Town of Oyster Bay,* 225 AD2d 763; *Martire v City of New York,* 129 AD2d 567).

Under such circumstances, the defendant was entitled to dismissal of the complaint. Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.