■ CYNTHIA YANKANA et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [668 NYS2d 241] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated September 3, 1996, which granted the cross motion of the defendant City of New York to dismiss the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

"The purpose of the notice of claim requirement is to afford the municipal corporation adequate opportunity to investigate the circumstances surrounding the accident and explore the merits of the claim while the information is likely to be available" (*Altmayer v City of New York*, 149 AD2d 638, 639; *see also, Whitfield v Town of Oyster Bay*, 225 AD2d 763; *Santiago v New York City Hous. Auth.*, 220 AD2d 655) The requirements of the statute are met when the notice describes the accident with sufficient particularity so as to enable the defendant to locate the defect, conduct a proper investigation, and assess the merits of the claim (*see, Caselli v City of New York*, 105 AD2d 251, 253; *see also, Walston v City of New York*, 229 AD2d 485; *Fendig v City of New York*, 132 AD2d 520).

In the instant case, the court properly granted the City's cross motion to dismiss the complaint insofar as asserted against it. The notice of claim, which merely stated that the accident occurred "at or about Clarkson Avenue and Rogers Avenue, Brooklyn", failed to describe the location of the alleged defect with sufficient particularity (*see, Harper v City of New York*, 129 AD2d 770; *see also, Frankfort v City of New York*, 159 AD2d 680; *Lupo v City of New York*, 160 AD2d 773) Contrary to the plaintiff's contentions, neither the photographs nor the General Municipal Law § 50-h hearing sufficiently clarified the notice of claim (*see, Matter of Valle v New York City Hous. Auth.*, 224 AD2d 433; *Setton v City of New York*, 174 AD2d 723).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Thompson and Luciano, JJ., concur.