■ SUSAN EARLE, Respondent, v TOWN OF OYSTER BAY, Appellant. [668 NYS2d 630] —In an action to recover damages for personal injuries, the defendant, Town of Oyster Bay, appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated December 12, 1996, which denied its motion for summary judgment dismissing the complaint based on the alleged inadequacy of the plaintiff's notice of claim and, in effect, denied, as academic, that branch of the plaintiff's cross motion which was for leave to serve an amended notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion is granted, that branch of the cross motion which was for leave to serve an amended notice of claim is denied on the merits, and the complaint is dismissed.

The plaintiff, Susan Earle, allegedly tripped and fell on cracked pavement in the defendant's parking lot. In view of the greater particularity required in the description of the defects of this kind in notices of claim (*see, Schwartz v City of New York,* 250 NY 332; *Fendig v City of New York,* 132 AD2d 520; *Levine v City of New York,* 111 AD2d 785; *Caselli v New York,* 105 AD2d 251), the notice of claim, which described the place where the claim arose as "the exit way of the Municipal Parking Field designated Number LV-2 located in Locust Valley", did not sufficiently describe the accident site (*see, Santiago v New York City Hous. Auth.,* 220 AD2d 655; *Frankfort v City of New York,* 159 AD2d 680; *Harper v City of New York,* 129 AD2d 770; *Caselli v City of New York, supra; Matter of Klobnock v City of New York,* 80 AD2d 854). Nor did the notice of claim adequately describe the manner in which the claim arose (*see, Baez v New York City Hous. Auth.,* 182 AD2d 554; *Shea v Incorporated Vil. of Head of Harbor*, 180 AD2d 675).

The plaintiff cross-moved, *inter alia,* for leave to serve an amended notice of claim. In deciding whether such leave should be granted, it must be determined whether the mistakes, omissions, irregularities or defects in the original description of the place where and the manner in which the claim arose were made in good faith and whether the defendant has been prejudiced (*see, Frankfort v City of New York, supra; Mazza v City of New York,* 112 AD2d 921).

Even assuming good faith on the part of the plaintiff, the failure of her original notice of claim to include an adequate description of the accident site prejudiced the defendant by preventing it from conducting a proper investigation while the facts were still fresh (*see, Walston v City of New York,* 229 AD2d 485; *Zapata v City of New York,* 225 AD2d 543; *Serrano v City of New York,* 143 AD2d 652; *Eagle v City of Yonkers,* 143 AD2d 626). Accordingly, that branch of the cross motion which was for leave to serve an amended notice of claim must be denied (*see, Bacchus v City of New York,* 134 AD2d 393). Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.