■ CHRISTINA PATELLARO, Appellant, v CITY OF NEW YORK, Respondent. [675 NYS2d 319] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), entered April 17, 1997, which, *inter alia*, denied her motion, *inter alia*, for leave to amend her notice of claim and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured on September 28, 1994, when the vehicle in which she was riding struck a lamppost which had fallen onto a roadway. In the notice of claim which the plaintiff served upon the defendant in November 1994 pursuant to General Municipal Law § 50-e, the accident site was described as "Rockaway Turnpike, near Kennedy Airport, Queens, New York". Shortly thereafter the defendant requested the exact location of the accident, via a supplemental claim form, and the plaintiff responded "Rockaway Turnpike right by JFK". It is undisputed that "Rockaway Turnpike" does not exist in Queens County.

We agree that the vague and inadequate descriptions of the accident site, as set forth in both the original notice of claim and in response to the supplemental claim form, prejudiced the defendant by preventing it from conducting an investigation while the facts were still recent (*see, Earle v Town of Oyster Bay*, 247 AD2d 357; *Walston v City of New York*, 229 AD2d 485). Moreover, the plaintiff's more than two-year delay in seeking leave to serve an amended notice of claim also deprived the defendant of the opportunity to conduct a meaningful investigation (*see, Zapata v City of New York*, 225 AD2d 543).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying leave to amend the notice of claim, and the complaint was properly dismissed (*see, Pollicino v New York City Tr. Auth.*, 225 AD2d 750). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.