■ JAMES C. MARKOTSIS et al., Respondents, v TOWN OF OYSTER BAY, Appellant. [690 NYS2d 104] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered February 13, 1998, as denied its motion for summary judgment dismissing the complaint for failure to file a proper notice of claim pursuant to General Municipal Law § 50-e (2).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff James Markotsis allegedly slipped and fell on snow and ice in an unidentified portion of a parking lot owned by the Town of Oyster Bay. In the notice of claim the plaintiffs merely described the location of the parking lot as east of Route 107 between E. Nicholai Street and E. Marie Street.

A notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]; *see, DiMenna v Long Is. Light. Co.,* 209 AD2d 373). The purpose of the notice of claim requirement is to afford an adequate opportunity to investigate the circumstances surrounding the accident and explore the merits of the claim while the information is likely to be available (*see, Teresta v City of New York,* 304 NY 440, 443; *see also, Altmayer v City of New York,* 149 AD2d 638). Prompt and accurate information is especially important in a case such as this which involves a defective condition which is transitory in nature (*see, Barno v New York City Hous. Auth.,* 185 AD2d 292; *cf., Pollicino v New York City Tr. Auth.,* 225 AD2d 750).

The plaintiffs' notice of claim failed to state with sufficient particularity the site of the accident to enable the Town to locate the defect, conduct a proper investigation, and assess the merits of the claim (*see, Barno v New York City Hous. Auth., supra*). Furthermore, although the plaintiffs were given an opportunity to provide more specific information, the additional information was inadequate to correct the defect in the notice of claim. Under the circumstances, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.