(June 14, 1999)

KATHLEEN ADRIAN, Appellant, v TOWN OF OYSTER BAY, Respondent. [692 NYS2d 140] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered May 28, 1998, which, upon an order of the same court dated March

16, 1998, granting the defendant's motion to dismiss for failure to comply with General Municipal Law § 50-e and denying her cross motion to serve an amended notice of claim, in effect, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

General Municipal Law § 50-e (2) provides, in relevant part, that notice be given of the "time when, the place where and the manner in which the claim arose". The purpose of the notice of claim requirement is to afford the municipality an adequate opportunity to timely investigate and defend the claim (*see, Levine v City of New York,* 111 AD2d 785). In the instant case, the notice of claim was patently defective since it was silent as to the manner in which the claim arose (*see, Levine v City of New York, supra; see also, Matter of Albers v County of Suffolk,* 226 AD2d 526; *DiMenna v Long Is. Light. Co.,* 209 AD2d 373). Moreover, the notice failed to adequately describe the accident site (*see, Earle v Town of Oyster Bay,* 247 AD2d 357; *Yankana v City of New York,* 246 AD2d 645).

The failure of the original notice of claim to include a sufficient description of the accident site and the manner in which the claim arose, coupled with the unexplained delay of three years in seeking leave to amend the notice of claim, clearly prejudiced the defendant by preventing it from conducting a proper investigation while the facts were still fresh (*see, Earle v Town of Oyster Bay, supra*). Thus, it was not an improvident exercise of discretion to deny the plaintiff's cross motion seeking leave to serve an amended notice of claim (*see, Austin v City of Yonkers,* 243 AD2d 597; *Matter of Adlowitz v City of New York,* 205 AD2d 369; *Anselmo v County of Nassau,* 192 AD2d 567). S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.