■ JOSEPH MARENGO et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. VAN-TULCO, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [698 NYS2d 702] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated November 2, 1998, as granted the separate motions of the third-party defendants Van-Tulco, Inc., and Certified Electrical Contracting, Inc., and the defendant City of New York for summary judgment dismissing the complaint for failure to file a proper notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

A notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]). The purpose of the notice of claim requirement is to afford the municipality an adequate opportunity to timely investigate and defend against the claim (*see, Adrian v Town of Oyster Bay,* 262 AD2d 433; *Levine v City of New York,* 111 AD2d 785). Prompt and accurate information is especially important in a case such as this, which involves an alleged defective condition that is transitory in nature (*see, Markotsis v Town of Oyster Bay,* 261 AD2d 451; *Pollicino v New York City Tr. Auth.,* 225 AD2d 750).

The failure of the notice of claim to accurately identify the location of the accident, and the failure of the notice of claim and subsequent supporting documents to sufficiently state the manner in which this claim arose, clearly prejudiced the defendants by preventing them from conducting a proper investigation while the facts were recent (*see, Patellaro v City of New York,* 253 AD2d 456; *Earle v Town of Oyster Bay,* 247 AD2d 357).

Accordingly, the Supreme Court did not err in dismissing the complaint. O'Brien, J. P., Altman, Luciano and Smith, JJ., concur.