■ WAI MAN HUI, Appellant, v TOWN OF OYSTER BAY et al., Respondents. [699 NYS2d 485] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered January 6, 1999, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with General Municipal Law § 50-e.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"The purpose of the notice of claim requirement is to afford

the municipal corporation adequate opportunity to investigate the circumstance[s] surrounding the accident and explore the merits of the claim while the information is likely to be available" (*Altmayer v City of New York,* 149 AD2d 638, 639; *see also, Adrian v Town of Oyster Bay,* 262 AD2d 433; *Yankana v City of New York,* 246 AD2d 645). To satisfy the requirements of the statute, the notice of claim must describe the accident with sufficient particularity to enable the defendant to locate the defect, conduct a proper investigation, and assess the merits of the claim (*see, Yankana v City of New York, supra; Walston v City of New York,* 229 AD2d 485; *Caselli v City of New York,* 105 AD2d 251).

In the instant case, the plaintiff's notice of claim alleged that his car went over a "dip, hole, excavation, elevation, obstruction, depression in the road at the intersection of Bethpage Sweet Hollow Road and Round Swamp Road". Contrary to the plaintiff's contention, this statement failed to describe the nature of the alleged defect or its location with sufficient particularity to allow the defendants to locate it and conduct a timely investigation (*see, Adrian v Town of Oyster Bay, supra; Yankana v City of New York, supra; Walston v City of New York, supra; Zapata v City of New York,* 225 AD2d 543). Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.