■ DESMOND LABORDE et al., Appellants, v MOST SERVICE Co. et al., Defendants, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. (And a Third-Party Action.) [705 NYS2d 608] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), entered March 19, 1999, which granted the motion of the defendant Manhattan and Bronx Surface Transit Operating Authority for summary judgment dismissing the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e (2) requires, in relevant part, that a plaintiff state the nature of the claim and the "time when, the place where and the manner in which the claim arose". Public Authorities Law § 1212 (2) provides that General Municipal Law § 50-e applies to actions against the Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA). The purpose of providing this information in a timely manner is to allow MABSTOA an adequate opportunity to timely investigate and assess the merits of the claim while the information is still readily available (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 359; *Adrian v Town of Oyster Bay,* 262 AD2d 433; *Yankana v City of New York,* 246 AD2d 645; *Santiago v New York City Hous. Auth.,* 220 AD2d 655).

Here, the notice of claim of the plaintiff Desmond LaBorde (hereinafter the plaintiff) merely alleged that "on York Avenue, at or near East 71st Street, Borough of Manhattan, City and State of New York, claimant sustained extensive and severe injuries resulting from the negligence of [MABSTOA] * * * in the ownership, operation, management, maintenance, custody, supervision and control of their * * * omnibuses". The notice of claim failed to include the manner in which the claim arose (*see, Adrian v Town of Oyster Bay, supra*; *Mondert v New York City Tr. Auth.,* 224 AD2d 500; *Santiago v New York City Hous. Auth., supra*; *DiMenna v Long Is. Light. Co.,* 209 AD2d 373; *Levine v City of New York,* 111 AD2d 785) and a sufficient description of the accident site (*see, Earle v Town of Oyster Bay,* 247 AD2d 357; *Yankana v City of New York, supra*; *Santiago v New York City Hous. Auth., supra*; *Cheung v New York City Tr. Auth.,* 208 AD2d 669).

Furthermore, although the accident occurred on December 1, 1986, and the notice of claim was served on January 28, 1987, it was not until the plaintiff served a bill of particulars dated June 9, 1993, more than six years after the accident, and the plaintiff testified pursuant to an examination before trial on October 29, 1993, almost seven years after the accident, that MABSTOA was made aware of the facts underlying the cause of the plaintiff's injuries. The Supreme Court providently exercised its discretion in declining to correct, supply, or disregard the "mistake, omission, irregularity or defect" in the notice of claim (*see,* General Municipal Law § 50-e [6]) since there was no showing that the mistake, omission, irregularity, or defect was made in good faith, and that MABSTOA was not prejudiced thereby (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673; *Flanagan v County of Westchester,* 238 AD2d 468; *Carver v Town of Riverhead,* 231 AD2d 545). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.