■ VIRGINIA BARRETT, Appellant, v TOWN OF OSSINING et al., Respondents. [809 NYS2d 467]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.),

entered March 7, 2005, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff's notices of claim merely alleged that she had been injured "on June 21, 2003 in a parking lot as a result of a trip and fall incident." This statement failed to describe the nature of the alleged defect or its location with sufficient particularity to allow the defendants, the Town of Ossining and the Village of Ossining, to locate it and conduct a timely investigation (*see Wai Man Hui v Town of Oyster Bay,* 267 AD2d 233 [1999]).

Furthermore, although the accident occurred on June 21, 2003, and the notices of claim were served on or about September 19, 2003, it was not until service of the complaint dated September 17, 2004, and the plaintiff's opposition to the motions dated February 3, 2005, that the defendants were made aware of the particular facts underlying the cause of the plaintiff's injuries. Accordingly, the Supreme Court providently exercised its discretion in declining to correct, supply, or disregard the "mistake, omission, irregularity or defect" in the notices of claim (General Municipal Law § 50-e [6]), since the plaintiff failed to establish that the defendants were not prejudiced thereby (*see LaBorde v Most Serv. Co.,* 270 AD2d 462, 463 [2000]; *Flanagan v County of Westchester,* 238 AD2d 468 [1997]). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.