(July 20, 1992)

■ JOHN BARNO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated May 22, 1990, which denied his motion for leave to amend his notice of claim, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On or about November 7, 1986, the plaintiff served a notice of claim upon the respondent New York City Housing Authority (hereinafter the NYCHA). In the notice, it is alleged that on September 25, 1986, the plaintiff sustained personal injuries when he tripped and fell on a "defective debris laden step" on premises located at *366 Lexington Avenue* in Brooklyn. The record indicates that no NYCHA employees witnessed the alleged accident, and the plaintiff never filed an accident report. Following receipt of the notice of claim, the NYCHA determined that 366 Lexington Avenue is not one of the more than 30 project addresses it operates on Lexington Avenue in Brooklyn.

Approximately nine months after the date of the alleged accident, the plaintiff testified at a hearing and indicated that the location identified in the notice of claim was wrong. Thereafter, in or about June 1987 the plaintiff served a verified complaint alleging that the accident occurred at *370 Lexington Avenue,* not 366 Lexington Avenue as alleged in the notice of claim. Nearly three years passed before the plaintiff moved to amend the admittedly defective notice of claim to conform it to the location of the accident alleged in his complaint.

NYCHA opposed the plaintiff's motion and cross-moved to dismiss the complaint on the ground that there had been a failure to comply with the notice of claim requirements under General Municipal Law § 50-e. The Supreme Court denied the plaintiff's motion, granted the respondent's cross motion, and dismissed the complaint, finding that the NYCHA had suffered prejudice as a result of the defective notice of claim. We now affirm.

The purpose of the statutory notice of claim requirement (General Municipal Law § 50-e) is to provide a public corporation with an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available *(see, Mazza v City of New York,* 112 AD2d 921; *Caselli v City of New York,* 105 AD2d 251).* Prompt and accurate information is especially important in a case such as this which involves an allegedly defective condition that is transitory in nature *(see, Fendig v City of New York,* 132 AD2d 520).* Under the circumstances of this case, the Supreme Court properly concluded that the defect in the plaintiff's notice of claim deprived the NYCHA of the opportunity to conduct a timely investigation of the alleged accident. Accordingly, the NYCHA would have been prejudiced had the amendment been permitted *(see,* General Municipal Law § 50-e [6]), and the complaint was properly dismissed. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.