■ RUDOLFO TORO, an Infant, by His Mother and Natural Guardian, MARITZA SOTO, et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [601 NYS2d 959] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 25, 1991, which denied their application pursuant to General Municipal Law § 50-e (6) to amend their notice of claim so as to change the date upon which the infant plaintiff was allegedly injured.

Ordered that the order is affirmed, with costs.

The plaintiffs moved to amend their notice of claim so as to correct the date on which the infant plaintiff Rudolfo Toro allegedly slipped and fell down a flight of stairs. According to the original notice of claim and the complaint served, the infant plaintiff was caused to fall down a flight of steps by reason of a puddle of water surrounding debris on the landing to the staircase. As the condition complained of was extremely transitory, the purpose of General Municipal Law § 50-e, which is to allow a municipal defendant the opportunity of investigating the situs of the alleged difficulty at a time before there is any change thereto, would have been entirely frustrated had this application been granted (see, Caselli v City of New York, 105 AD2d 251). To allow amendment of the notice of claim some 23 months after the alleged occurrence so as to change the date of the accident would create unquestionable prejudice. Thompson, J. P., Santucci and Joy, JJ., concur.

Miller, J., dissents, and votes to reverse the order appealed from and to grant the motion, with the following memorandum: The law is clear that where, as here, a plaintiff moves to correct a mistake in his notice of claim, leave should be given, provided that the original error was not made in bad faith, and provided that the defendant is not prejudiced thereby (see, General Municipal Law § 50-e [6]). Here, there is no allegation

of bad faith; and although the defendant claims that its investigative efforts were hampered, it does not appear that any investigation was ever attempted *(see, Tucker v Long Is. R. R. Co.,* 128 AD2d 517). In any event, it is difficult to imagine how the defendant could be prejudiced by a three-day correction of the date of the accident, in view of the fact that the negligence claimed—water and debris in a stairwell— would presumably have been removed before the expiration of the statutory 90-day period within which the plaintiffs could properly file their notice of claim. In consequence, in my view, the court improvidently exercised its discretion in denying the plaintiffs' motion.