■ SCOTT POLLICINO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [640 NYS2d 168]

The purpose of the statutory notice-of-claim requirement of General Municipal Law § 50-e is to provide a public corporation with an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available (*see, Barno v New York City Hous. Auth.,* 185 AD2d 292; *Mazza v City of New York,* 112 AD2d 921). Prompt and accurate information is especially important in cases involving a defective condition which is transitory in nature, as was alleged in this case (*see, Barno v New York City Hous. Auth., supra; Fendig v City of New York,* 132 AD2d 520). The plaintiff sought to amend the notice of claim to correct the date of the accident nearly four-and-one-half years after the accident. The defendant would be prejudiced by such a long delay. Thus, the Supreme Court properly exercised its discretion in denying the amendment, and the complaint was properly dismissed (*see,* General Municipal Law § 50-e [6]; *Mercado v City of New York,* 208 AD2d 910; *Toro v City of New York,* 196 AD2d 864; *Barno v New York City Hous. Auth., supra*). Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.