■ Leah Kotler, Appellant, v City of New York, Respondent. [697 NYS2d 530] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), entered August 26, 1998, which denied her motion pursuant to General Municipal Law § 50-e (6) and CPLR 3025 (c) to amend her notice of claim, verified complaint, and bill of particulars, and to restore the matter to the trial calendar.

Ordered that the order is affirmed, with costs.

It is well settled that a court has the discretion to grant an application for leave to serve an amended notice of claim where the defect in the original notice of claim was made in good faith and where the public corporation has not been prejudiced thereby (see, General Municipal Law § 50-e [6]; see, *Zapata v City of New York*, 225 AD2d 543; *Pollicino v New York Tr. Auth.*, 225 AD2d 750; *Illera v New York City Tr. Auth.*, 181 AD2d 658).

Here, there was five-year unexplained delay by the plaintiff in seeking leave from the court to amend the notice of claim, verified complaint, and verified bill of particulars to reflect the correct date of her accident, November 5, 1991, instead of October 29, 1991, as set forth in the original notice of claim. Furthermore, there was no explanation for the inaction of the plaintiff's former counsel after he learned of the discrepancy at the General Municipal Law § 50-h hearing held on January 12, 1993. In addition, he repeated the incorrect date in the verified bill of particulars and notice to admit served in 1996. In light of the clear prejudice which the amendment would cause to the defendant, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.