■ LEONID KHAIT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [831 NYS2d 526]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated February 16, 2006, as denied its cross motion to dismiss the amended complaint for failure to comply with General Municipal Law § 50-e (2).

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the cross motion to dismiss the amended complaint for failure to comply with General Municipal Law § 50-e (2) is granted.

General Municipal Law § 50-e (2) provides, in part, that a notice of claim shall "set forth . . . the time when, the place where, and the manner in which the claim arose." The plaintiff's initial notice of claim stated that the claim arose on December 30, 2002 without specifying the time of the accident. At a hearing held pursuant to General Municipal Law § 50-h on June 24, 2004 the plaintiff testified that the accident occurred on December 28, 2002 at about 1:30 A.M. On July 19, 2004 the defendant was served with an amended complaint reflecting the correct date of the accident. Under the circumstances of this case, the defendant was prejudiced (see Kotler v City of New York, 266 AD2d 355 [1999]; Pollicino v New York City Tr. Auth., 225 AD2d 750 [1996]; Rodriguez v City of New York, 223 AD2d 536, 537 [1996]). Therefore, the Supreme Court improvidently exercised its discretion in denying the defendant's cross motion to dismiss the amended complaint. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.