■ HELEN McKIE, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. — Order, Supreme Court, New York County, entered August 22, 1979, unanimously reversed, on the law, and plaintiff-respondent's motion to add an additional cause of action against defendant-appellant City of New York denied, without costs. Plaintiff-respondent claims to have been injured on August 26, 1977 while sitting in a parked vehicle, which was struck by one owned and operated by defendants Claudio, allegedly as a result of improper operation of a police car. Timely notice of claim was given and suit started against the city on November 30, 1977. The Claudios later cross-claimed against the city. According to plaintiff's attorney, he became aware, after the Claudios' appearance and cross claim on June 11, 1979, of existence of an additional cause available to his client against the city, i.e., "with regard to a pothole which one of the vehicles in the accident struck [which was] a proximate cause of the accident involving a car chase between an automobile owned by the Police Department and one owned * * * and operated by" defendants Claudio. It being then too late to amend the notice of claim in course, a motion was made on or about August 2, 1979 to add to the original complaint and notice a cause based on the street's allegedly faulty condition. The original complaint had charged undifferentiated negligence in operation and control of both defendants' vehicles. The motion was granted, the court citing CPLR 3025. What was not mentioned was the city's claim of prejudice in that "investigation at this time with regard to the condition of the roadway

would be fruitless due to the lapse of 23 months," and that plaintiff's new claim would otherwise be time barred. Subdivision 5 of section 50-e of the General Municipal Law, upon which the motion is based, requires the court to consider, *inter alia,* "whether the delay in serving the notice of claim substantially prejudiced the public corporation * * * on the merits." Nothing is said of this factor. The lapse of two years in respect of something as transitory timewise as a pothole is obviously prejudicial. There is not even a hint in the original claim, based on operational negligence only, of any condition produced by negligence in maintenance of the roadway. Thus, this is not the situation presented in *Matter of Powell v Town of Gates* (36 AD2d 220, 222), in which the original notice of claim identified time and place, plus sufficient other information contained in an associated letter to signal that a claim arising from failure to maintain the highway properly might well be included. Here we find no hint that the city was alerted in any way by the original notice to expect amendment to the notice of claim two years thence on an unmentioned theory. (See *Colena v City of New York,* 68 AD2d 898, 900.) Concur — Murphy, P.J., Kupferman, Birns, Markewich and Silverman, JJ.