■ ELAINE CAPALBO, as Administratrix of the Estate of MOLLIE TASHMAN, Deceased, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered March 3, 1988, which granted defendant-respondent's motion to preclude plaintiff-appellant from offering any evidence at trial concerning decedent's treatment at Jacobi Hospital, unanimously modified, on the law and facts, to the extent of precluding solely the introduction of evidence of alleged negligence in Jacobi Hospital's medical treatment, and otherwise affirmed, without costs.

We are in agreement with Special Term that plaintiff may not prosecute claims of medical malpractice against defendant New York City Health and Hospitals Corporation (HHC) for treatment rendered by Jacobi Hospital, since the acts of negligence complained of in the notice of claim, amended notice of claim, summons and complaint, and bill of particulars, were alleged to have occurred at North Central Bronx Hospital (North Central). No notice of claim with respect to the care received by plaintiff's decedent at Jacobi Hospital, to which she was transferred for treatment of burns sustained when her bed at North Central caught fire, was ever filed.

In these circumstances, any allegations against Jacobi Hos-

pital constitute a new theory of liability which, proffered six years after the medical treatment rendered to decedent, may not be the subject of a newly filed or amended notice of claim. (General Municipal Law § 50-e; *Pierson v City of New York,* 56 NY2d 950, 954.) Moreover, the introduction of such evidence would substantially prejudice HHC, which has prepared its defense by investigating solely the acts of alleged negligence attributed to North Central Bronx Hospital. *(See, McKie v City of New York,* 79 AD2d 901; *cf., Matter of Halperin v City of New York,* 127 AD2d 461.)

Thus, the introduction of alleged negligence on the part of Jacobi Hospital is inadmissible. However, evidence regarding the decedent's hospitalization and medical treatment at Jacobi Hospital will not be precluded insofar as it bears on injuries and damages resulting from the alleged negligence of North Central, or is otherwise relevant. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.