■ THERESA M. CASTRO, an Infant, by Her Mother and Natural Guardian, ADDIE D. CASTRO, et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered August 3, 1989, which granted renewal of an earlier motion and adhered to a prior order of the same court entered March 22, 1989, dismissing the complaint, unanimously affirmed, without costs.

In this personal injury action, the complaint was dismissed because plaintiffs failed sufficiently to allege notice to the defendant City of New York of a hazardous condition existing prior to the accident. In rather general terms, plaintiffs had alleged in their complaint that defendant had "created [and] caused" the hazardous condition, but nowhere in the pleadings nor in their response to the initial dismissal motion did plaintiffs elaborate on this allegation. Upon renewal, some seven years after the accident and more than four years after commencement of this action, plaintiffs offered an affidavit from the mother of the infant plaintiff stating that an oil-and-grease spot had been left at the site of the accident three days earlier when a policeman stopped his vehicle to check an engine leak. This attempt to establish liability based on new facts, so many years later, cannot be countenanced *(Capalbo v New York City Health & Hosps. Corp.,* 147 AD2d 362). The fact that counsel was not in contact with his client until the making of the renewal motion is no excuse for the lack of due diligence in providing basic facts for so many years *(Lansing*

*Research Corp. v Sybron Corp.,* 142 AD2d 816, 819). Concur— Kupferman, J. P., Sullivan, Carro and Smith, JJ.