■ ERNESTINE C. MERCHANT et al., Appellants, v TOWN OF HALFMOON, Respondent. (And a Third-Party Action.)—Kane, J. P. Appeal from that part of an order of the Supreme Court (Viscardi, J.), entered April 3, 1990 in Saratoga County, which denied plaintiffs' motion to strike defendant's fifth affirmative defense.

This is an action against defendant, a municipal corporation, seeking damages for personal injuries arising out of an automobile accident. The underlying issue to be resolved on this appeal is whether the original notice of claim served pursuant to the provisions of the General Municipal Law included an adequate statement of "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2] [3]). After identifying the date and time of the accident, the notice of claim stated, *inter alia,* that "[t]he place of the happening of the accident resulting in the injuries and the claims was on Johnson Road near Raylinski Lane in the Town of Halfmoon, County of Saratoga, State of New York".

In our view, the notice of claim described the situs of the accident with sufficient particularity to enable defendant to locate alleged defects in the roadway in order to investigate the claim *(see, Bravo v City of New York,* 122 AD2d 761; *Evers v City of New York,* 90 AD2d 786). Moreover, the record clearly demonstrates that a representative of defendant conducted, after service of the notice of claim, a preliminary investigation of the claim and, in a written communication to plaintiff's attorney, asserted that he failed to see any cause of action against defendant. Accordingly, there can be no claim of prejudice by defendant, a conclusion which is buttressed by Supreme Court's grant of plaintiffs' cross motion to file an amended claim nunc pro tunc *(see,* General Municipal Law § 50-e [6]; *Evers v City of New York, supra).*

Order modified, on the law and the facts, without costs, by reversing so much thereof as denied plaintiffs' motion to

strike the fifth affirmative defense; motion granted to that extent and said affirmative defense dismissed; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.