■ RAMONA ILLERA, an Infant, by Her Mother and Natural Guardian, RAMONA ILLERA, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Durante, J.), dated April 11, 1990, which granted the motion of the defendants New York City Transit Authority and its employee for summary judgment dismissing the complaint and any cross claims insofar as asserted against them, and denied their cross application for leave to serve an amended notice of claim.

Ordered that the order is affirmed, with costs.

A court may, in its discretion, grant an application for leave to serve an amended notice of claim *(see,* General Municipal Law § 50-e [6]) where it determines that two conditions have been met: first, the mistake, omission, irregularity or defect in the original notice must have been made in good faith, and second, it must appear that the public corporation has not been prejudiced thereby *(see, Caselli v City of New York,* 105 AD2d 251; *Mazza v City of New York,* 112 AD2d 921).

There is nothing in the record to suggest that the original notice of claim was prepared and served in bad faith. Thus, our determination must turn on the question of whether the New York City Transit Authority was prejudiced by the mistake in the notice (see, *Krug v City of New York*, 147 AD2d 449). At bar, the plaintiffs sustained injuries when the vehicle in which they were passengers collided with a bus owned and operated by the New York City Transit Authority. This accident occurred in the vicinity of First Avenue between 116th and 117th Streets in the borough of Manhattan. The notice of claim stated, however, that "[t]he claim arose on July 11, 1986 in the vicinity of 1st Avenue between 117th Street and 116th Street, Queens County at approximately 4:30 P.M." The New York City Transit Authority moved, on its own behalf and on behalf of the employee who drove the bus in question, for summary judgment alleging, *inter alia,* that the notice of claim had identified a nonexistent location as the site of the alleged accident. Thereafter, the plaintiffs sought leave to serve an amended notice of claim to provide for the correct location of the accident. The Supreme Court denied the plaintiffs' cross application and granted summary judgment in favor of the New York City Transit Authority and its employee, dismissing the complaint and any cross claims insofar as asserted against them. We affirm.

The cross application for leave to serve an amended notice of claim was not made until approximately three and one-half years after the claim arose. Consequently, the New York City Transit Authority was clearly prejudiced by not being able to conduct a proper investigation while the facts surrounding the incident were still fresh (see, *O'Brien v City of Syracuse*, 54 NY2d 353). We find that the delay in seeking leave to serve an amended notice of claim to correct the defect deprived the New York City Transit Authority of an opportunity to conduct a meaningful investigation (see, *Levine v City of New York*, 111 AD2d 785). Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.