■ MIRYAM ZAPATA et al., Appellants, v CITY OF NEW YORK, Respondent. [638 NYS2d 487]

A court may, in its discretion, grant an application for leave to serve an amended notice of claim (*see,* General Municipal Law § 50-e [6]) where it determines that two conditions are met: first the mistake, omission, irregularity, or defect in the original notice must have been made in good faith, and second, it must appear that the public corporation has not been prejudiced thereby (*see, Illera v New York City Tr. Auth.,* 181 AD2d 658).

There is nothing in the record to suggest that the original notice of claim was prepared and served in bad faith. Thus, our determination must turn on the question of whether the defendant was prejudiced by the defect in the notice.

In this case, the description in the notice of claim was defective insofar as it described the accident as having occurred on Juniper Boulevard without specifying whether the reference was to Juniper Boulevard North or Juniper Boulevard South. Moreover, although this lack of specificity prompted a timely demand on the part of the defendant for a more specific location, the plaintiffs' counsel did not respond.

Given the transitory nature of sidewalk defects (*see, Caselli v City of New York,* 105 AD2d 251, 253), it follows that the defen-

dant was prejudiced by not being able to conduct a proper investigation while the facts surrounding this incident were still fresh *(see, Illera v New York City Tr. Auth., supra)*. Moreover, the two-year delay on the part of the plaintiffs in seeking leave to serve an amended notice of claim deprived the defendant of an opportunity to conduct a meaningful investigation *(see, Illera v New York City Tr. Auth., supra)*. Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.