■ KEVIN FLANAGAN et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [657 NYS2d 59] —In an action to re-

cover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 23, 1996, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint and denied their cross motion to amend the notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiffs' notice of claim failed to comply with General Municipal Law § 50-e (2) as it did not identify with sufficient particularity the location of the accident (see, Eherts v County of Orange, 215 AD2d 524). The notice of claim merely alleged that the plaintiff Kevin Flanagan sustained his injuries on the campus of the defendant Westchester Community College. In response to the defendants' motion to dismiss the complaint on this ground, the plaintiffs sought permission to amend their notice of claim to remedy this defect (see, General Municipal Law § 50-e [6]).

In determining whether the defendants would be prejudiced if the plaintiffs were permitted to amend their notice of claim, the court may consider other evidence in the record, including the testimony adduced at a hearing pursuant to General Municipal Law § 50-h (see, D'Alessandro v New York City Tr. Auth., 83 NY2d 891). In the case at bar, the information provided by Flanagan misled the defendants for several years as to the location of the accident.

In an accident report filed with the college a week after the accident, Flanagan alleged that he slipped on ice on the sidewalk outside the Science Building, and, at the General Municipal Law § 50-h hearing seven months after the accident, Flanagan testified that the accident occurred 25 feet from the entrance to the Science Building. The complaint and bill of particulars did not provide any additional information as to the location of the accident. Over three years after the accident, in his deposition testimony, Flanagan informed the defendants that he actually fell near the entrance to the Health Science Building, which was located about 100 feet from the Science Building.

In view of the plaintiffs' delay in moving to amend their notice of claim and the defendants' unrebutted assertion that the subject walkway had been renovated in the interim, we conclude that the Supreme Court did not improvidently exercise its discretion in dismissing the complaint and denying the plaintiffs' application to amend their notice of claim (see, e.g., Simms v City of New York, 207 AD2d 480; Wilson v New York City Hous. Auth., 187 AD2d 260). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.