■ WHITFIELD EDGEHILL et al., Appellants, v CITY OF NEW YORK, Respondent. [688 NYS2d 658] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), entered March 10, 1998, which granted the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e requires that a notice of claim identify the geographical location of an accident with sufficient particularity as to enable the municipality to investigate the matter in a timely fashion (see, Thomas v Town of Oyster Bay, 190 AD2d 731). It has been held that prompt and accurate information is especially important in cases involving a defective condition which is transitory in nature (see, Pollicino v New York City Tr. Auth., 225 AD2d 750, 751).

The plaintiffs failed to provide the accurate location for the alleged accident in their notice of claim, and thus denied the City of New York the opportunity to investigate the matter in a timely fashion. The plaintiffs compounded the problem by giving five totally different accident locations in the notice of claim, the complaint, the bill of particulars, the order to show cause for pre-action discovery, and at the hearing pursuant to General Municipal Law § 50-h.

The City of New York was severely prejudiced by the plaintiffs' failure to correctly set forth the location of the occurrence, as the City was misled into conducting a timely investigation at the wrong accident site (see, Matter of Adlowitz v City of New York, 205 AD2d 369). Given the transitory nature of the roadway defect involved, the fact that, some four years after the accident, the plaintiffs sought to correct the description of the accident location to a place which is two or three blocks away from the original location given, and the fact that the photographs submitted failed to help in clearing up the confusion as to the correct location, the Supreme Court did not improvidently exercise its discretion in granting the defendant City's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.