■ JAY J. BERFAS et al., Respondents, v TOWN OF OYSTER BAY, Appellant. [711 NYS2d 472] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated September 8, 1999, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion to dismiss the ninth affirmative defense.

Ordered that the order is affirmed, with costs.

The defendant contends that the plaintiffs' notice of claim failed to comply with General Municipal Law § 50-e (2) because it did not give a sufficient description of the location of the defect in question. We disagree. The requirement of General Municipal Law § 50-e (2) that a notice of claim set forth "the place where * * * the claim arose" is met when the notice describes the location with sufficient particularity to enable the defendant to locate the alleged defect, conduct a meaningful investigation, and assess the merits of the claim before conditions change and memories fade (*see, Thomas v Town of Oyster Bay*, 190 AD2d 731; *Miles v City of New York*, 173 AD2d 298; *Caselli v City of New York*, 105 AD2d 251). Whether a notice of claim substantially complies with the requirements of General Municipal Law § 50-e (2) depends on the circumstances of each case (*see, Schwartz v City of New York*, 250 NY 332, 334). Claims involving pothole defects require even greater particularity because of their transitory nature (*see, Caselli v City of New York, supra*, at 253).

Here, the notice of claim was adequate since it indicated, *inter alia*, the lane of travel of the alleged defect and the approximate distance of the alleged defect from a specified

intersection, and was accompanied by photographs showing the defect in question (*see, Herrera v City of New York,* 211 AD2d 759; *cf., Caselli v City of New York, supra*). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.