■ MARGARET BAYER et al., Appellants, v CITY OF LONG BEACH, Respondent. [713 NYS2d 71] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated August 2, 1999, which denied their motion, *inter alia,* to amend their notice of claim and granted the defendant's cross motion to dismiss the complaint for failure to sufficiently identify the location of the accident in the notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiffs' notice of claim failed to comply with General Municipal Law § 50-e (2), as it did not identify with sufficient particularity the location of the accident (*see, Flanagan v County of Westchester,* 238 AD2d 468; *Eherts v County of Orange,* 215 AD2d 524). The notice of claim alleged that the injured plaintiff tripped over uneven protruding boards on the

boardwalk in Long Beach in a 100 square-foot area west of Magnolia Boulevard and opposite 220 West Broadway. The defendant rejected the plaintiffs' notice of claim on the ground that the location of the accident was not described with sufficient particularity. The plaintiffs moved, *inter alia*, for leave to amend their notice of claim (*see,* General Municipal Law § 50-e [6]), and the defendant cross-moved to dismiss the complaint.

Since the notice of claim failed to describe the place where the accident occurred with sufficient particularity to enable the defendant to conduct a proper investigation and assess the merits of the claim, the court providently exercised its discretion in denying the plaintiffs' motion and in granting the cross motion (*see, Flanagan v County of Westchester, supra; Altmayer v City of New York,* 149 AD2d 638, 639; *Faubert v City of New York,* 90 AD2d 509). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.