■ GERARD HATZIDAKS, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [718 NYS2d 94] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 2, 2000, which granted the defendants' separate motions pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' separate motions to dismiss the complaint insofar as asserted against them. The notice of claim listed five different locations for the stairway where the plaintiff's accident allegedly occurred. As a result, the plaintiff failed to describe the location of the alleged defect at issue with sufficient particularity to enable the defendants to investigate the matter in a timely fashion (*see,* General Municipal Law § 50-e; *Edgehill v City of New York,* 260 AD2d 597; *Yankana v City of New York,* 246 AD2d 645). Contrary to the plaintiff's contentions, neither the photographs that he submitted in opposition to the defendants' separate motions nor his testimony in a hearing pursuant to General Municipal Law § 50-h sufficiently clarified the notice of claim (*see, Yankana v City of New York, supra*). In addition, the plaintiff failed to dispute the contention of the defendant City of New York that it did not own, manage, or maintain any of the locations listed in the notice of claim (*see, Campbell v City of New York,* 203 AD2d 504; *Pagan v New York City Hous. Auth.,* 175 AD2d 114). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.