■ KEINY J. BURGOS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [720 NYS2d 515] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 26, 2000, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion, *inter alia*, for leave to serve an amended notice of claim.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-e requires that a notice of claim identify the geographical location of an accident with sufficient

particularity to enable the municipality to investigate the matter in a timely fashion (*see, Edgehill v City of New York,* 260 AD2d 597). It has been held that prompt and accurate information is especially important in cases such as this one, involving a defective condition which is transitory in nature (*see, Pollicino v New York City Tr. Auth.,* 225 AD2d 750, 751). The plaintiffs failed to provide the accurate location of the alleged accident in their notice of claim and thus denied the defendants the opportunity to investigate the matter in a timely fashion.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to serve an amended notice of claim, since the defendants would be prejudiced thereby (*see,* General Municipal Law § 50-e [6]). Since the plaintiffs did not move for leave to serve a late notice of claim which accurately described the location of the accident until after the applicable one-year and 90-day Statute of Limitations set forth in General Municipal Law § 50-i had expired, the Supreme Court had no authority to permit late service of the notice of claim (*see,* General Municipal Law § 50-e [5]; *Jalloh v New York City Tr. Auth.,* 256 AD2d 410).

Accordingly, the Supreme Court properly granted the defendants' motion and denied the plaintiffs' cross motion. Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.