**3** DARCY AMES, Appellant, v CITY OF NEW YORK, Respondent. [720 NYS2d 829] —In an action to recover damages for

personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated January 26, 2000, which granted the defendant's motion for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-e (2).

Ordered that the order is affirmed, with costs.

The plaintiff's notice of claim did not comply with General Municipal Law § 50-e (2), as it failed to identify the location of the accident with sufficient particularity to enable the defendant to locate the alleged defect and conduct a meaningful investigation (*see, Bayer v City of Long Beach,* 275 AD2d 433; *Berfas v Town of Oyster Bay,* 274 AD2d 490; *Wai Man Hui v Town of Oyster Bay,* 267 AD2d 233). The notice of claim alleged that the plaintiff fell due to a defect at "South Road, between Waltham and Sutphin Boulevard" in Queens. Since the plaintiff failed to respond to the defendant's request for supplemental claim information and did not move to amend her notice of claim and her complaint for over two years after the accident, the Supreme Court providently exercised its discretion in granting the defendant's motion for summary judgment dismissing the complaint (*see, Wai Man Hui v Town of Oyster Bay, supra; Romuleus v City of New York,* 200 AD2d 387).

Contrary to the plaintiff's contention, the defendant's failure to allege a lack of compliance with General Municipal Law § 50-e in its answer did not constitute a waiver (*see, Cappadonna v New York City Tr. Auth.,* 187 AD2d 691; *Nicholas v City of New York,* 130 AD2d 470). Bracken, Acting P. J., S. Miller, McGinity and Schmidt, JJ., concur.