■ MARIA LOPEZ, Appellant, v CITY OF NEW YORK, Respondent. [732 NYS2d 81] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Levine, J.), dated October 2, 2000, which denied her motion for leave to amend her notice of claim, and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

A court may, in its discretion, grant an application for leave to amend a notice of claim (*see,* General Municipal Law § 50-e [6]) where the mistake, omission, irregularity, or defect in the original notice was made in good faith, and it appears that the public corporation is not prejudiced thereby (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Cyprien v New York City Tr. Auth.,* 243 AD2d 673; *Flanagan v County of Westchester,* 238 AD2d 468; *Carver v Town of Riverhead,* 231 AD2d 545; *Zapata v City of New York,* 225 AD2d 543).

The description in the notice of claim was defective insofar as it stated that the accident occurred on the southwest corner of Main Street and Roosevelt Avenue in Queens instead of the northwest corner. Within a month after receiving the notice of claim, an investigator from the City's Office of the Comptroller examined and photographed the incorrect site. The defendant did not learn of the correct location of the accident until more

than five years after the accident, when the plaintiff testified at her deposition. Three years and five months after the deposition, and on the eve of trial, the plaintiff moved for leave to amend her notice of claim.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion, as the defendant was prejudiced by the mistake in the notice. Since sidewalk defects are transitory in nature, and the Comptroller's Office conducted an investigation at the incorrect location promptly after the accident, the plaintiff's motion for leave to amend the notice of claim, made over eight years after the claim arose, deprived the defendant of an opportunity to conduct a meaningful investigation while the facts surrounding this incident were still fresh (*see, D'Alessandro v New York City Tr. Auth., supra; O'Brien v City of Syracuse,* 54 NY2d 353, 358; *Zapata v City of New York, supra; Krug v City of New York,* 147 AD2d 449; *Caselli v City of New York,* 105 AD2d 251, 253). Furthermore, the mere filing of a police officer's report, without more, did not provide a sufficient basis for imputing knowledge of the correct accident site to the defendant (*see, Krug v City of New York, supra; Levine v City of New York,* 111 AD2d 785, 787; *Caselli v City of New York, supra,* at 258). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.