◼ MARIA SHPAK, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and CITY OF NEW YORK, Respondent. [740 NYS2d 92] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated May 22, 2001, as granted the cross motion of the defendant City of New York for summary judgment dismissing

the complaint insofar as asserted against it for failure to comply with General Municipal Law § 50-e (2).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's notice of claim did not comply with General Municipal Law § 50-e (2), because it failed to identify the location of the accident with sufficient particularity to enable the respondent City of New York to locate the alleged defect and conduct a meaningful investigation (*see Ames v City of New York*, 280 AD2d 625, 626; *Wai Man Hui v Town of Oyster Bay*, 267 AD2d 233, 234; *Yankana v City of New York*, 246 AD2d 645, 646; *Caselli v City of New York*, 105 AD2d 251, 252-253). The notice of claim alleged that the plaintiff fell "on West 6th Street and Shell Road" in Brooklyn. Contrary to the plaintiff's contention, her testimony at the hearings held pursuant to General Municipal Law § 50-h failed to clarify the notice of claim (*see Edgehill v City of New York*, 260 AD2d 597, 598; *Yankana v City of New York, supra* at 646; *Whitfield v Town of Oyster Bay*, 225 AD2d 763, 764). Furthermore, the photographs submitted at the hearing conducted on April 16, 1999, which purport to depict the accident location, are dehors the record and may not be considered on appeal (*see Regina v Friedman*, 272 AD2d 461, 462; *Broida v Bancroft*, 103 AD2d 88, 93). Additionally, a supplemental bill of particulars further confused the issue and gave the location as Sheepshead Bay Road and West 6th Street. Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.