■ FIRA CHECHELNITSKAYA, Appellant, v CITY OF NEW YORK, Respondent. [741 NYS2d 123] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 6, 2001, which denied her motion pursuant to General Municipal Law § 50-e (6) for leave to amend her notice of claim.

Ordered that the order is affirmed, with costs.

A court may, in its discretion, grant an application for leave to serve an amended notice of claim (*see* General Municipal Law § 50-e [6]) where it determines that two conditions are met: first the mistake, omission, irregularity, or defect in the original notice must have been made in good faith, and second, it must appear that the public corporation has not been prejudiced thereby (*see Zapata v City of New York*, 225 AD2d 543; *see also Illera v New York City Tr. Auth.*, 181 AD2d 658).

There is nothing in the record to suggest that the original notice of claim was prepared and served in bad faith. Thus, our determination must turn on the question of whether the defendant was prejudiced by the defect in the notice.

In this case, the description in the notice of claim was defective insofar as it described the accident as having occurred alternately on the roadway in front of 1523 East 8th Street, Brooklyn, and on the sidewalk in front of that address. Moreover, although the confusing nature of the response prompted a timely demand on the part of the defendant for clarification, the plaintiff's counsel did not respond.

Given the transitory nature of sidewalk defects (*see Caselli v City of New York,* 105 AD2d 251, 253), it follows that the defendant was prejudiced by not being able to conduct a proper investigation while the facts surrounding the incident were still fresh (*see Illera v New York City Tr. Auth., supra*). Moreover, the delay of approximately 14 months on the part of the plaintiff in seeking leave to serve an amended notice of claim deprived the defendant of an opportunity to conduct a meaningful investigation (*see Zapata v City of New York, supra*).

To the extent that the defendant contends on appeal that the complaint should be dismissed, we note that no decision on the cross motion to dismiss the complaint was ever made, and accordingly the cross motion remains pending and undecided (*see Katz v Katz,* 68 AD2d 536, 543). Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.