■ ELLEN RICHARD et al., Respondents, v TOWN OF OYSTER BAY, Appellant, et al., Defendants. [752 NYS2d 537] —In an action to recover damages for personal injuries, etc., the defendant Town of Oyster Bay appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated February 4, 2002, as granted that branch of the plaintiffs' cross motion which was for leave to amend their notice of claim nunc pro tunc and denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the cross motion which was for leave to amend the notice of claim nunc pro tunc is denied, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The injured plaintiff's original notice of claim did not comply with General Municipal Law § 50-e (2) because it failed to identify the location of the accident with sufficient particularity to enable the defendant Town of Oyster Bay to locate the alleged defect, conduct a meaningful investigation, and assess the merits of the injured plaintiff's claim (see Shpak v New York City Tr. Auth., 292 AD2d 590; Ames v City of New York, 280 AD2d 625, 626; Wai Man Hui v Town of Oyster Bay, 267 AD2d 233, 234; Yankana v City of New York, 246 AD2d 645, 646; Santiago v New York City Hous. Auth., 220 AD2d 655; Altmayer v City of New York, 149 AD2d 638, 639; Caselli v City of New York, 105 AD2d 251, 252-253).

A court may, in its discretion, grant an application for leave to amend a notice of claim (see General Municipal Law § 50-e [6]) where the mistake, omission, irregularity, or defect in the original notice was made in good faith, and it appears that the public corporation is not prejudiced thereby (see Flanagan v

*County of Westchester,* 238 AD2d 468; *Zapata v City of New York,* 225 AD2d 543). While there is nothing in the record to suggest that the original notice of claim was prepared and served in bad faith, the Town was prejudiced in its ability to conduct a proper investigation, since the original notice of claim failed to pinpoint where, in the vast space of the "main level" of a parking garage, the injured plaintiff allegedly slipped or tripped and fell (*see Burgos v City of New York,* 280 AD2d 444; *Earle v Town of Oyster Bay,* 247 AD2d 357, 358; *Walston v City of New York,* 229 AD2d 485, 486; *Zapata v City of New York, supra*). Moreover, the proposed amended notice of claim alleges, for the first time, that the injured plaintiff fell because of a defect in the pavement. This constitutes an amendment of a substantive nature which is not within the purview of General Municipal Law § 50-e (6) (*see White v New York City Hous. Auth.,* 288 AD2d 150; *Abrahamson v Gates* at Melville, 278 AD2d 186; *Herron v City of New York,* 223 AD2d 676). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to amend the notice of claim nunc pro tunc.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.