■ VAHE SARKISSIAN, Appellant, v CITY OF NEW YORK, Respondent. [755 NYS2d 300] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated October 17, 2001, which granted the defendant's motion to dismiss the complaint and denied his cross motion for leave to serve an amended notice of claim.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion to dismiss the complaint, as the plaintiff failed to provide a correct description of the location of the accident in his notice of claim (*see Brown v City of New York,* 265 AD2d 284 [1999]; *Caselli v City of New York,* 105 AD2d 251, 253 [1984]). Furthermore, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to serve an amended notice of claim (*see* General Municipal Law § 50-e [6]; *Flanagan v County of Westchester,* 238 AD2d 468 [1997]; *Zapata v City of New York,* 225 AD2d 543 [1996]). The original notice of claim filed December 23, 1996, erroneously described the alleged accident site as the southwest corner of Metropolitan Avenue and 70th Street in Queens County, instead of the correct location, 70th Road. The subsequent summons and complaint dated October 23, 1997, repeated the same mistake. The plaintiff did not cross-move for leave to amend the notice of claim until June 28, 2001, after the defendant moved to dismiss the complaint. Given the transitory nature of sidewalk defects (*see Caselli v City of New York, supra*), leave to amend was properly denied since the defendant would be prejudiced as it was unable to conduct a proper investigation while the facts surrounding the incident were still fresh (*see Williams v City of White Plains,* 288 AD2d 307 [2001]; *Jones v City of New York,* 277 AD2d 286 [2000]). The over 4¹/₂-year delay on the part of the plaintiff in seeking leave to serve an amended notice of claim deprived the defendant of an opportunity to conduct a meaningful investigation (*see Richard v Town of Oyster Bay,* 300 AD2d 561 [2002]; *Chech-*

*elnitskaya v City of New York,* 293 AD2d 700 [2002]; *Matter of Johnson v City of New York,* 292 AD2d 453 [2002]; *Zapata v City of New York, supra).* Altman, J.P., Florio, H. Miller and Adams, JJ., concur.