Colon v Ferriera Bros. Contr. (2004 NY Slip Op 50186(U))

[*1]

Colon v Ferriera Bros. Contr.

2004 NY Slip Op 50186(U)

Decided on March 30, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 30, 2004

Supreme Court, New York County
 AWILDA COLON, as administratrix of the estate of NEIREIDA OZONES, deceased, and AWILDA COLON, individually, Plaintiffs,
against
FERRIERA BROTHERS CONTRACTING, INC., NEW YORK CITY HOUSING AUTHORITY and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Defendants.
Index No. 406083/01

DiJoseph & Portegello, P.C., New York City (Laurel L. Kallen of counsel) for the plaintiffs
Herzfeld & Rubin, P.C., New York City (Jeannine LaPlace of counsel) for defendant New York City Housing Authority

JOAN B. CAREY, J.:

Introduction
Motion by the plaintiffs for leave to amend their notice of claim, and cross motion by defendant New York City Housing Authority to dismiss the complaint pursuant to General Municipal Law §§ 50-e and 50-i.
Facts & Procedural Posture
At approximately 1:00 on the afternoon of October 19, 1999 the plaintiffs' decedent, Neireida Ozones, sustained personal injuries after she tripped and fell on a Brooklyn sidewalk abutting property owned by defendant New York City Housing Authority (hereinafter the Authority). The plaintiffs' decedent was allegedly rendered bedridden and non-communicative shortly after the incident, and she ultimately passed away on June 24, 2000.
On January 7, 2000, plaintiff Awilda Colon, acting on behalf of the plaintiffs' decedent pursuant to a power of attorney, caused a notice of claim (hereinafter the notice) to be served upon the Authority. Under "[t]he nature of the claim" portion of the notice, the plaintiff stated, among other things, that the Authority was negligent "in causing and/or allowing to remain a cracked, broken, depressed, slopped, holey and uneven portion of walkway; * * * [and] in allowing the walkway to become strewn with construction debris." The following portion of the notice, dedicated to describing the date, location and background of the incident, stated, in pertinent part, that:
as [the plaintiffs' decedent] was upon a public walkway, she was caused to fall due to a cracked, broken, depressed, holey and uneven portion of said walkway and attendant construction debris. Said portion of the cracked, broken, depressed, holey, uneven and construction debris strewn walkway was in the Jonathan Williams Plaza, 325-327 Roebling Street, Brooklyn, [...] and more specifically, upon the public walkway 2-3 feet before its intersection with an entranceway to 325-[*2]327 Roebling Street, and is depicted in three (3) annexed photographs, to the right side of the walkway, immediately prior to a turn leading to two steps leading to a doorway/entrance which is itself shown in the photographs to the right of the Jonathan Williams Day Care Center, 321 Roebling Street [...] and is further indicated within the circled portions of the photographs.
Each of the three photographs annexed to the notice contains a circle drawn around a portion of sidewalk between the entrance to 321 Roebling Street and a strip of property immediately adjacent to that entrance. The portion of a mound, apparently consisting of concrete, sand and dirt, is visible in each of the circles.
The plaintiffs commenced the instant action on January 17, 2001 against, among others, the Authority and Ferriera Brothers Contracting, Inc. (hereinafter the Contractor), a company that was performing construction activities, at the behest of the Authority, near the sidewalk at the time the incident occurred. The plaintiffs' bill of particulars, dated July 30, 2001, stated that the Authority was negligent "[i]n permitting the [sidewalk] to be maintained with cracks and/or crevices and debris-strewn", and "[i]n permitting the [sidewalk] to be, become and remain in an uneven, cracked, broken, depressed, holey, hazardous, debris-strewn and defective condition."
The plaintiffs move for leave to amend the notice to reflect the exact location of the incident, and clarify the exact condition which caused their decedent's fall. Specifically, the plaintiffs seek to amend the notice to state that: (1) the incident occurred to the right side, from the perspective of one facing the building, of the entrance to the Jonathan Williams Day Care Center, located at 321 Roebling Street, between the entrance and the building next door located at 325-327 Roebling Street, and (2) the defective condition which caused the plaintiffs' decedent's fall was construction machinery and debris consisting of a cut-down chain post remnant.
The Authority cross moves to dismiss the complaint on the ground that the plaintiffs failed to comply with the mandates of General Municipal Law (hereinafter GML) §§ 50-e and 50-i. The Authority maintains that the notice was fatally deficient because it specified the wrong location and defective condition. The Authority argues that the plaintiffs' proposed amendments to the notice are impermissible because they constitute new allegations of negligence. The Authority also argues that it would be prejudiced by the amendments since it concentrated its investigation on the concrete-sand-dirt mound circled on the pictures annexed to the notice.
Analysis
"To enable authorities to investigate, collect evidence and evaluate the merit of a claim, persons seeking to recover in tort against a municipality [or public corporation] are required, as a precondition to suit, to serve a Notice of Claim" (Brown v City of New York, 95 NY2d 389, 392 [2000]; see e.g. Bennett v New York City Trans. Auth., ___AD2d___, 2004 NY Slip Op 01235 [Feb. 26, 2004; 1st Dept.]). The Notice of Claim must, among other things, set forth "the nature of the claim[, and] * * * the place where and the manner in which the claim arose" (GML § 50-e[2]; see e.g. Brown v City of New York, supra).
GML § 50-e(6) permits a court, in its discretion, to grant a claimant's application for leave to serve an amended Notice of Claim if the mistake, omission, irregularity, or defect in the original Notice was made in good faith, and the public corporation has not been prejudiced by the flaw (Chechelnitskaya v City of New York, 293 AD2d 700, 700 [2d Dept. 2002]; see e.g. [*3]Mahase v Manhattan and Bronx Surface Trans. Operating Auth., 3 AD3d 410 [1st Dept. 2004]; White v New York City Trans. Auth., 308 AD2d 341 [1st Dept. 2003]; Fabian v New York City Trans. Auth., 271 AD2d 244 [1st Dept. 2000]). Amendments of a substantive nature are not permitted under GML § 50-e(6) (see e.g. O'Neal v New York City Hous. Auth., 297 AD2d 315 [2d Dept. 2001]; Torres v New York City Hous. Auth., 261 AD2d 273 [1st Dept. 1999]).
With respect to the location of the incident, the notice, while failing to spell out the precise location of the accident site (i.e. right side of the entrance to 321 Roebling Street, between the entrance and the building next door located at 325-327 Roebling Street), provided sufficient information to enable the Authority, with a modicum of effort, to ascertain the proper site and conduct a timely investigation. The photographs included with the notice, as circled, indicate the proper accident site, and, concomitantly, no prejudice was suffered by the Authority as a result of the imprecise location listed in the notice (i.e. public walkway 2-3 feet before intersection with entranceway to 325-327 Roebling Street).[FN1] Therefore, the plaintiffs are granted leave to amend the notice to reflect the proper accident site (see Cruz v New York City Hous. Auth., 261 AD2d 296 [1st Dept. 1999]; see also Seraita v City of Yonkers, 292 AD2d 456 [2d Dept. 2003]; see generally Brown v City of New York, supra [GML § 50-e does not require that place where accident occurred be stated with "literal nicety or exactness"]; cf. Sarkissian v City of New York, 302 AD2d 583 [2d Dept. 2003][leave to amend properly denied; notice of claim was defective insofar as it incorrectly listed cross street of avenue at which accident occurred, and defendant would be prejudiced by belated amendment]; Lopez v City of New York, 287 AD2d 694 [2d Dept. 2001][leave to amend properly denied; notice of claim was defective insofar as it stated that accident occurred on southwest corner of intersection of two streets instead of the northwest corner, and defendant would be prejudiced by belated amendment]).
Concerning the cause of the plaintiffs' decedent's fall, the notice stated that the accident was precipitated by a sidewalk defect and construction debris. The plaintiffs propose to amend the notice to state that the defective conditions which caused the fall were construction machinery and debris consisting of a cut-down chain post remnant.
The proposed amendment regarding the chain post remnant is permissible. At the time the incident occurred, the Contractor, working pursuant to a contract with the Authority, was in the process of replacing an entrance to the building located at 325-327 Roebling Street which was in close proximity to or in the area circled in the photographs accompanying the notice. This project included, among other things, replacing chain link fencing around the entrance. In light of nature of the work the Contractor was performing, the phrase "construction debris", as used in the notice, reasonably included chain post remnant. Thus, this amendment does not substantively alter the nature of the plaintiffs' claim inasmuch as the Authority was already alerted by the notice to the plaintiffs' theory that their decedent's fall was attributable to a tripping hazard, consisting of construction debris, at the subject location (see Stohmal v New York City Hous. Auth., 289 AD2d 65 [1st Dept. 2001]). Resultantly, the Authority was not prejudiced by the fact that the notice was silent with respect to the presence of chain post remnant, and, therefore, the [*4]amendment will be permitted.
The proposed amendment regarding "construction machinery" as a cause of the plaintiffs' decedent's fall is impermissible. Nowhere in the notice was the Authority alerted that the fall was caused by anything other than a sidewalk defect or construction debris. This proposed amendment seeks to assert a new theory of the cause of the plaintiffs' decedent's fall, one not previously raised in the four-and-one-half years since the incident occurred.[FN2] Thus, the Authority would be irreparably prejudiced by this amendment since the unidentified construction machinery is presumptively no longer at the accident site, the project being completed in 2000, and sufficient investigation would therefore be impossible (see Richard v Town of Oyster Bay, 300 AD2d 561 [2d Dept. 2002]; White v New York City Trans. Auth., supra; see also Sarkissian v City of New York, 302 AD2d 583 [2d Dept. 2003]; (Chechelnitskaya v City of New York, supra).
In light of the antecedent discussion, the Authority's cross motion to dismiss the complaint is denied.
Conclusion
Based upon the foregoing, it is hereby
ORDERED that the motion of the plaintiffs for leave to amend their notice of claim is granted to the extent that the notice is amended to state that: (1) the incident occurred to the right side, from the perspective of one facing the building, of the entrance to the Jonathan Williams Day Care Center, located at 321 Roebling Street, between that entrance and the building next door located at 325-327 Roebling Street, Brooklyn, and (2) the defective and hazardous condition which caused the claimant's fall was construction debris consisting of a cut-down chain post remnant, and the remainder of the motion is denied; and it is further,
ORDERED that the cross motion of defendant New York City Housing Authority to dismiss the complaint pursuant to General Obligations Law §§ 50-e and 50-i is denied; and it is further,
ORDERED that counsel for each of the parties are to appear before the court on September 10, 2004 at 9:30 am at the New York County Courthouse, 111 Centre Street, Room 572, Part 40D, for a pretrial conference.
Date: 03/30/2004
 
Hon. Joan B. Carey, Acting JSC

Papers considered:
(1) Notice of motion, affirmation in support, and accompanying exhibits A-C
(2) Notice of cross motion and affirmation in opposition, and accompanying exhibits A-H
(3) Reply affirmation of plaintiffs, and accompanying exhibit A
(4) Reply affirmation of New York City Housing Authority
[*5]

Decision Date: March 30, 2004
Footnotes

Footnote 1:The defects contained in the notice were made in good faith. The plaintiffs' decedent was rendered non- communicative shortly after the incident, and was unable to assist in the preparation of the notice.

Footnote 2:This is in stark contrast to the aforementioned amendment regarding chain fence remnant, which operated merely to clarify a cause of the fall that was delineated in the notice.