■ JOHN LAURO et al., Appellants, v COUNTY OF NASSAU, Respondent. [774 NYS2d 371]—

In action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 20, 2003, which granted the defendant's motion for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-e (2).

Ordered that the order is affirmed, with costs.

The notice of claim did not comply with General Municipal Law § 50-e (2), because it failed to identify the location of the accident with sufficient particularity to enable the defendant to locate the alleged defect, conduct a meaningful investigation, and assess the merits of the injured plaintiff's claim (*see Richard v Town of Oyster Bay*, 300 AD2d 561 [2002]; *Shpak v New York City Tr. Auth.*, 292 AD2d 590 [2002]; *Ames v City of New York*, 280 AD2d 625, 626 [2001]). The notice of claim failed to identify on which of the six tennis courts in Cow Meadow Park the injured plaintiff allegedly tripped and fell, and the location of the alleged defect on the tennis court's surface (*see Matter of Light v County of Nassau*, 187 AD2d 720 [1992]). Furthermore, the injured plaintiff's testimony at the hearing held pursuant to

General Municipal Law § 50-h, the bill of particulars, and the photographs provided to the defendant failed to clarify the notice of claim (*see Edgehill v City of New York,* 260 AD2d 597, 598 [1999]; *Yankana v City of New York,* 246 AD2d 645 [1998]; *Whitfield v Town of Oyster Bay,* 225 AD2d 763, 764 [1996]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.