TINA MARINO et al., Respondents, v TOWN OF OYSTER BAY, Appellant. [781 NYS2d 358]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered July 26, 2002, as denied that branch of its motion which was for summary judgment dismissing the complaint on the ground that the notice of claim was defective.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint on the ground that the notice of claim was defective is granted, and the complaint is dismissed.

The plaintiffs' notice of claim did not comply with General Municipal Law § 50-e (2) because it failed to identify the location of the accident with sufficient particularity to enable the defendant to locate the alleged defect, conduct a meaningful investigation, and assess the merits of the injured plaintiff's claim (see Richard v Town of Oyster Bay, 300 AD2d 561 [2002]; Shpak v New York City Tr. Auth., 292 AD2d 590 [2002]; Ames v City of New York, 280 AD2d 625, 626 [2001]; Burgos v City of New York, 280 AD2d 444 [2001]). Given the transitory nature of the curb defect, the defendant was prejudiced by not being able to conduct a prompt and accurate investigation while the facts surrounding the incident were still fresh (see Sarkissian v City of New York, 302 AD2d 583 [2003]; Chechelnitskaya v City of New York, 293 AD2d 700, 701 [2002]; Pollicino v New York City Tr. Auth., 225 AD2d 750, 751 [1996]; Zapata v City of New York, 225 AD2d 543 [1996]; Caselli v City of New York, 105 AD2d 251, 253, 260 [1984]; McKie v City of New York, 79 AD2d 901, 902). Although the defendant could have obtained the relevant information by conducting an examination pursuant to General Municipal Law § 50-h, it was under no obligation to do so (see Gen-

eral Municipal Law § 50-h [1]). The plaintiffs' belated attempt to cure the deficiency in the notice, nearly three years after the alleged incident, by identifying the alleged defect in a photograph submitted by the defendant and specifying its distance to a fire hydrant, was insufficient to overcome the prejudice to the defendant resulting from the delay. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the notice of claim was defective should have been granted. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.