■ JOYCE GAGNON et al., Respondents, v CITY OF SARATOGA SPRINGS, Appellant. [788 NYS2d 249]—

Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 30, 2004 in Saratoga County, which denied defendant's motion to dismiss the complaint.

On July 4, 2002, plaintiff Joyce Gagnon (hereinafter plaintiff) went with her family to a fireworks display in Congress Park in the City of Saratoga Springs, Saratoga County, which was sponsored by defendant. Toward the end of the fireworks, plaintiff and her family began to traverse the park towards their car. Although overhead light fixtures were scattered throughout the park, they were not being used.

Plaintiff averred that she had a difficult time navigating through the large crowd of people that spilled over from the grassy areas onto the walkways. In her attempt to exit the park, she departed from the walkway and traversed a grassy area in an effort to get to the street. According to plaintiff, she was unable to see the 12-inch curb drop-off from the grassy area to the pavement due to the darkness. Her foot caught the lip of the curb, which had a slight height differential from the grassy area, causing her to fall onto the pavement. She sustained numerous injuries, including a broken right femur and crushed right kneecap.

In August 2002, plaintiff and her husband filed a notice of claim and subsequently commenced this action against defendant. They allege that defendant negligently failed to maintain adequate lighting in the park and negligently designed, constructed and maintained the curb upon which plaintiff tripped. Defendant moved to dismiss the complaint, asserting, as here relevant, a failure to state a claim. Supreme Court denied defendant's motion, prompting this appeal.

We disagree with defendant's first contention that plaintiffs failed to plead the requisite element of duty. Upon a motion to dismiss, the pleadings are to be liberally construed and the allegations are deemed true (see *Ozdemir v Caithness Corp.*, 285 AD2d 961, 963 [2001], *lv denied* 97 NY2d 605 [2001]). The focus must be on " 'whether the pleader has a cause of action rather than on whether he [or she] has properly stated one' " (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976], quoting 6 Carmody-Wait 2d § 38:19); affidavits may be utilized to alleviate any defects (see *Rovello v Orofino Realty Co., supra* at 636).

Here, the complaint provided adequate notice to defendant that plaintiffs were alleging that the injuries sustained were due to "[d]efendant's negligent failure to properly light Congress Park during the 2002 Fourth of July celebration." Plaintiff's affidavit stated that she was lawfully in the park owned by defendant to attend a celebration sponsored by defendant. Despite the presence of overhead lights which could have illuminated the park, defendant chose not to use them even though a large crowd had gathered. Finding these facts suf-

ficient to support the allegation that defendant was "under a duty to maintain its park . . . facilities in a reasonably safe condition" (*Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]), plaintiffs adequately established their cause of action for negligence (*see Thompson v City of New York*, 78 NY2d 682, 685 n [1991]). As to defendant's further contention that this cause of action should be dismissed, as a matter of law, because defendant could not owe plaintiffs a duty to illuminate the park, we again find no merit. A duty will be imposed upon a municipality to maintain its facilities in a reasonably safe condition (*see Rhabb v New York City Hous. Auth., supra* at 202; *Schry v City of New York*, 288 AD2d 206, 207 [2001]).

Next addressing the notice of claim, we recognize that it "serves an important public purpose, enabling authorities to promptly investigate the site of an alleged accident and assess municipal exposure to liability" (*Brown v City of New York*, 95 NY2d 389, 394 [2000]; *see* General Municipal Law § 50-e [2]); the information must sufficiently describe when and where a particular accident took place (*see Merchant v Town of Halfmoon*, 168 AD2d 776, 776 [1990]; *compare Shpak v New York City Tr. Auth.*, 292 AD2d 590, 591 [2002]), but does not have to be detailed with " 'literal nicety or exactness' " (*Brown v City of New York, supra* at 393, quoting *Purdy v City of New York*, 193 NY 521, 523 [1908]). Deficiencies in the notice, if any, may be cured by testimony provided at a General Municipal Law § 50-h hearing (*see Shpak v New York City Tr. Auth., supra* at 591; *Svartz v Town of Fallsburg*, 241 AD2d 799, 801 [1997]). Hence, the notice of claim stated that plaintiff tripped over a curb in Congress Park as a result of defendant's negligence and that defendant had prior notice of the defect in the curb. Photographs at the section 50-h hearing of portions of the curbing in Congress Park, coupled with plaintiff's identification of the general location where she fell, were sufficient, in our view, to give the municipality its requisite notice, because the curb which caused plaintiff's fall was uniform throughout the area she identified.

Lastly, while we recognize that defendant did not receive prior written notice of the allegedly defective curb, such notice will not be required "where the municipality affirmatively created the dangerous condition or defect" (*Lugo v County of Essex*, 260 AD2d 711, 712 [1999]). Since plaintiffs claimed that the design and construction of the curb was an act of affirmative negligence by the municipality, we find a question of fact regarding the need for prior written notice (*see O'Toole v County of Sullivan*, 255 AD2d 799, 799 [1998]). Having reviewed and rejected all remaining contentions, we affirm.

Mercure, J.P., Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.