■ TREVOR RANKINE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [852 NYS2d 292]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-der the Supreme Court, Queens County (Braithewaite-Nelson, J.), dated January 5, 2007, as denied his motion for leave to amend the notice of claim and, in effect, upon renewal, vacated that portion of a prior order of the same court dated May 17, 2005 which denied that branch of the defendant's motion which was to dismiss the complaint based on his failure to serve a proper notice of claim, and thereupon, granted that branch of the defendant's motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a notice of claim served on the defendant New York City Transit Authority, the plaintiff alleged that he was injured on November 12, 2002, at approximately 2:00 P.M., while trying to board a Manhattan-bound E train at the Jamaica Center/Parsons Boulevard station in Queens. In his testimony at his General Municipal Law 50-h hearing, the plaintiff stated that the incident occurred on November 2, 2002 at approximately 12:00 A.M. In his bill of particulars, the plaintiff alleged that the incident occurred on November 12, 2002 at approximately 12:00 A.M. Based on these inconsistencies, the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to serve a notice of claim stating the proper date, time, and lo-cation of the alleged occurrence. The plaintiff cross-moved for leave to amend the notice of claim to state the time of the incident as 12:00 A.M. The plaintiff averred that the correct date and time of the incident was November 12, 2002, at around 12:00 A.M., and that all pleadings and testimony to the contrary were mistaken. In an order dated May 17, 2005, the Supreme Court permitted the amendment, finding no bad faith by the plaintiff or prejudice to the defendant, and denied the defen-dant's motion to dismiss.

In July 2006, after a note of issue and certificate of readiness had been filed, the plaintiff moved for leave to amend the notice

of claim to state the date of the incident as November 4, 2002. The plaintiff alleged that recently obtained medical records, particularly an ambulance report of the incident, revealed that the correct date of the incident was November 4, 2002. The plaintiff asserted that his failure to previously identify the correct date was a result of his age (62 years old) and mental confusion arising from the incident and the ensuing one-month hospital stay. The defendant cross-moved for leave to renew its prior motion to dismiss the complaint. The defendant argued, inter alia, that the plaintiff should not be permitted to amend his notice of claim on the eve of trial when he had failed to take advantage of numerous prior occasions upon which to identify the correct date and time of the accident, particularly when he had submitted no medical evidence in support of his claim of mental confusion, and did not offer any explanation why he had not discovered his mistake in the intervening four years. Further, the defendant asserted, it had not discovered the error on its own because the plaintiff had not previously disclosed any of the relevant hospital records, despite due demand. Moreover, the defendant noted, the ambulance report proffered by the plaintiff revealed that the incident in fact occurred at the Fulton Street station in Manhattan, not the Jamaica Center/Parsons Boulevard station in Queens, as alleged. Consequently, the defendant asserted, the plaintiff's proposed amended notice of claim would still be defective. In any event, the defendant argued, it had been prejudiced by the delay, which had deprived it of an opportunity to conduct a prompt investigation of the incident. The defendant asserted that preliminary inquiries using the correct date and location of the incident had revealed that all contemporaneous voice recordings of the incident had been destroyed in accordance with routine retention procedures, and that the conductor of the train at issue no longer worked for the transit authority. In reply, the plaintiff conceded that the correct location of the accident was the Fulton Street station in Manhattan, and sought leave to amend the notice of claim in that regard. In the order appealed from, the Supreme Court denied the plaintiff's motion, and granted the defendant's cross motion. We affirm the order insofar as appealed from.

A notice of claim must set forth, inter alia, "the time when, the place where and the manner in which the claim arose" (General Municipal Law 50-e [2]). A court may, in its discretion, grant an application for leave to amend a notice of claim where the mistake, omission, irregularity, or defect in the original notice was made in good faith, and it appears that the public corporation is not prejudiced thereby (see General Municipal Law 50-e [6]; *Lopez v City of New York*, 287 AD2d 694 [2001]; *Gatewood v Poughkeepsie Hous. Auth.*, 28 AD3d 515 [2006]).

Here, the defendant satisfied its burden of establishing that the plaintiff's notice of claim, even as initially amended, did not substantially comply with the requirements of General Municipal Law 50-e (2), in that it failed to correctly state the date and location of the incident (*see e.g. Streletskaya v New York City Tr. Auth.*, 27 AD3d 640 [2006]). Further, the defendant demonstrated that it would be prejudiced by the proposed amendment to the notice of claim to correct those mistakes (*see Lopez v City of New York*, 287 AD2d 694 [2001]; *Austin v City of Yonkers*, 243 AD2d 597 [1997]; *cf. Gatewood v Poughkeepsie Hous. Auth.*, 28 AD3d 515 [2006]; *Streletskaya v New York City Tr. Auth.*, 27 AD3d 640 [2006]). Thus, the Supreme Court properly denied the plaintiff's motion for leave to amend the notice of claim, and, in effect, upon renewal, properly granted the defendant's motion to dismiss the complaint. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.