■ MINDY CHARLESTON, Respondent, v INCORPORATED VILLAGE OF CEDARHURST, Appellant, et al., Defendants. [878 NYS2d 407]—

In an action to recover damages for personal injuries, the de-

fendant Incorporated Village of Cedarhurst appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated June 24, 2008, as granted that branch of the plaintiff's motion which was pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim and denied its cross motion to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was defective.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to amend the notice of claim is denied, and the cross motion of the defendant Incorporated Village of Cedarhurst to dismiss the complaint insofar as asserted against it is granted.

The original notice of claim in this case, involving an allegedly defective sidewalk condition, misidentified the actual location where the claim arose and, therefore, was inadequate to meet the statutory requirements applicable to notices of claim (*see* General Municipal Law § 50-e [2]; *Sarkissian v City of New York*, 302 AD2d 583 [2003]; *Jones v City of New York*, 277 AD2d 286 [2000]; *Austin v City of Yonkers*, 243 AD2d 597 [1997]). The original notice of claim misidentified the situs of the incident as 6 Cedarhurst Avenue, rather than the correct address, 78 Cedarhurst Avenue. Furthermore, the photographs provided to the appellant's claim representative one month after service of the notice of claim failed to clarify the location of the incident (*see Lauro v County of Nassau*, 6 AD3d 394, 395 [2004]; *Yankana v City of New York*, 246 AD2d 645, 646 [1998]; *Matter of Valle v New York City Hous. Auth.*, 224 AD2d 433 [1996]). Moreover, the subsequent complaint, amended complaint, bill of particulars, and even a supplemental bill of particulars served 11 months after the incident repeated the same mistake. Given the transitory nature of sidewalk defects (*see Caselli v City of New York*, 105 AD2d 251, 253 [1984]), the appellant was prejudiced by not being able to conduct a prompt and accurate investigation while the facts surrounding the incident were still fresh (*see Marino v Town of Oyster Bay*, 9 AD3d 394 [2004]; *Sarkissian v City of New York*, 302 AD2d 583 [2003]; *Chechelnitskaya v City of New York*, 293 AD2d 700, 701 [2002]). In addition, the plaintiff's 14-month delay in seeking leave to serve an amended notice of claim deprived the appellant of an opportunity to conduct a meaningful investigation (*see Marino v Town of Oyster Bay*, 9 AD3d 394 [2004]; *Richard v Town of Oyster Bay*, 300 AD2d 561 [2002]; *Chechelnitskaya v City of New York*, 293 AD2d at 701). Accordingly, that branch of the plaintiff's motion which

was for leave to amend the notice of claim should have been denied and the appellant's cross motion to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was defective should have been granted. Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.